RENWICK, SHAW & CROSSETT v. THE DAVENPORT & NORTH-WESTERN RAILWAY ET AL.

1. **Constitutional Law :** TAXATION FOR CONSTRUCTION OF RAILROADS. Chapter 123, Laws of 1874, authorizing cities, townships and incorporated towns to vote taxes to aid in the construction of railroads, is not in conflict with the constitution of the State. ·BECK, J ., *dissenting*.

*Appeal from Decision of Mr. Justice Beck, at Chambers, on Application for an Injunction.*

SATURDAY, DECEMBER 15.

THE plaintiffs are residents and tax payers of the city of Davenport, Scott county, Iowa. The defendant Rohlfs is treasurer of said county; the defendant Railway Company is operating a railroad from the city of Davenport to Fayette. The action is brought to restrain the collection of a tax voted and levied under the provisions of chapter 123 of the Acts of the 16th General Assembly, to aid the defendant Railway Company in extending its road. The injunction was denied. The plaintiffs appeal.

*W. A. Foster*, for appellants.

*J. & W. Grant*, for appellees.

ADAMS, J.—The question presented is as to the constitutionality of the act. This question must be considered as determined by *Stewart v. The Board of Supervisors of Polk County*, 30 Iowa, 9. If the question were a new one the writer hereof would be disposed to hold the act unconstitutional. In this view Mr. Justice ROTHROCK would concur. As it is we do not think that the case above cited can now be properly overruled.

<div style="margin-left:2em">1. CONSTITU-<br>TIONAL law:<br>taxation for<br>construction<br>of railroads.</div>

AFFIRMED.

BECK, J., *dissenting.*—When this case was before me at chambers upon the application for an injunction, I felt myself bound by the more recent decisions of this court, *Stewart v. The Board of Supervisors*, and cases following it, holding that the legislature possesses constitutional power to authorize the imposition of taxes of the character sought to be restrained by plaintiffs in this action. In my decision at chambers, referring to the statute under which the taxes in question are levied, I used the following language:

"In my judgment that statute, as to its provisions assailed as unconstitutional, is not different from Chap. 172, Acts 13th General Assembly, held valid by the Supreme Court in *Stewart v. Board of Supervisors of Polk County*, 30 Iowa, 9. This decision has frequently been affirmed by the same court. I dissented from the doctrines of that case and have never had occasion to change the views expressed in my dissenting opinion. But the decision, until it is overruled, is the law of this State, and must be obeyed as such. It would be judicial insubordination for me to refuse to be governed by it. My views upon these points are expressed in *The Muscatine Western Railroad Company v. Horton*, 38 Iowa, 33."

The correctness of the position announced in this language, to the effect that as a judge at chambers I was bound by *Stewart v. The Board of Supervisors* as long as it remained unreversed, cannot be doubted. It is a sufficient explanation of my action in refusing to allow the injunction while holding, as I do and always have, that the decision is an incorrect

exposition of the constitutional power of the legislative depart-
ment of the State.

But as the constitutionality of the statute in question is
involved in the case now before us, and *Stewart v. The Board
of Supervisors* is brought up for review, I am required to
determine the power of the legislature to enact the statute and
the authority of the case named as a precedent.

The constitutional question we are called upon to decide
was argued in this case with great brevity by counsel for
appellant, who relies upon the arguments found in the opinions
of the majority of the count in *Hanson v. Vernon*, 27 Iowa,
28, and presents those opinions as containing citations of
authorities, which, he claims, are decisive of the case. He also
specially refers to the decisions of the Supreme Court of Mich-
igan, in accord with *Hanson v. Vernon*, namely: *The People
v. Saline*, 20 Mich., 452; *The People v. State Treasurer*, 23
Mich., 499, and *Thomas v. Port Hudson*, 27 Mich., 320.

I have had occasion again and again since *Hanson v.
Vernon* and *Stewart v. The Board of Supervisors*, to examine
the grounds of the majority opinion in the first case and my
dissenting opinion in the last, and my convictions, announced
in each of these cases, have been strengthened. I have no
doubt that the conclusion of this court announced in *Hanson
v. Vernon* is correct. I have no desire to repeat the argu-
ments advanced by the several members of the court, as then
constituted, in the different opinions in that case and in my dis-
senting opinion in *Stewart v. The Board of Supervisors*. I
am content that they stand alone to vindicate the views I now
entertain.

The authority of *Stewart v. The Board of Supervisors* I
deny on the grounds that it is in conflict with principle, and
that it was not a well considered case. The facts upon which
I base the last conclusion are set out in my dissenting opinion
therein. It was hastily decided, without argument, and it
overruled a prior decision, reached after long and patient con-
sideration, and extended, elaborate and able argument by many
learned counsel. Upon these grounds, I think the rule *stare
decisis* does not bind me to follow the case.

While the decision of the majority of this court in this case supports the constitutionality of the statute in question, that support is not based upon principle by all of my brothers, but upon the authority alone of the last decision of this court, which has oscillated upon the questions determined to an extent unprecedented in the history of the court. In my judgment the grave constitutional questions involved in this case cannot be regarded as settled in this state, for the conflicting decisions of this court will leave the members of the court who succeed us free to be guided, should the same questions come before them, by principles of sound constitutional law. Certain I am that the decision of this case, and the decision upon which it is based, can never be regarded as precedents beyond the limits of the state. This conclusion is based upon the history of the course of adjudication upon the constitutional question, as disclosed by the reports of this state. The power of the legislature to authorize the levy of taxes of the character of those involved in this suit, and for a similar object, was first recognized in *Dubuque County v. The Dubuque & Pacific R. Co.*, 4 G. Greene, 1, two justices concurring, one dissenting. The question came before the court in *Stokes v. The County of Scott*, 10 Iowa, 166, the bench being occupied by three new judges. The prior decision was followed, one justice sustaining the power, another denying it, but assenting to the decision under the rule *stare decisis*, and the third denying the authority and dissenting from the decision. Upon a change in the bench the authority was denied by a unanimous court in *The State ex rel. v. Wapello County*, 13 Iowa, 388. This decision stood for many years, and was often concurred in by a unanimous court, composed in part of new judges. See *Hanson v. Vernon*, 27 Iowa, 28; *McClure v. Owen*, 26 Iowa, 243. Upon a change of the justices of the court the former decision was overruled, and the authority of the legislature to authorize the levy of taxes of the character and for the objects of those involved in this suit was recognized, one judge, however, dissenting. *Stewart v. The Board of Supervisors*, 30 Iowa, 9. Further changes in the court leaves it composed of the justices now upon the bench, and their views upon the constitutional

question, considered upon principle, are indicated by the foregoing opinion of my brothers, and by my dissent. To sum up briefly, the rule has been twice changed by the court. Of the judges who have sat upon this bench expressing opinions upon the question, it will be discovered from the decisions above referred to, seven have held that the power in question is conferred upon the legislature, and nine have denied it. While the construction of the constitution under which the power of the legislature to authorize the levy of the taxes involved in this suit is denied by a majority of the justices of this court, who, at various times, have expressed opinions upon the subject, it has been adopted in this case under the rule *stare decisis,* and by force of this rule is now the law of the state.