## SNELL ET AL. V. LEONARD.

1. **Taxation:** IN AID OF RAILROADS: CONSTITUTIONAL LAW. Chapter 123, laws of 1876, authorizing the voting of taxes to aid in the construction of railroads, is constitutional. Following *Renwick, Shaw & Crossett v. The Davenport & Northwestern Railway*, 47 Iowa, 511.

2. ——: ——: RAILROAD AND TELEGRAPH COMPANY. The fact that a corporation is authorized to construct and operate both railroad and telegraph lines will not invalidate taxes voted to aid in the construction of its road.

*Appeal from Webster District Court.*

TUESDAY, APRIL 5.

ACTION for an injunction to restrain the collection of certain taxes. The plaintiffs are tax-payers of Waukonsa township, Webster county. The defendant is treasurer of the county. In 1877 the taxes in question were voted by the electors of said township to aid the Fort Dodge & Fort

Ridgely Railroad and Telegraph Company. The validity of the tax is assailed upon the ground that the law under which the tax was voted is unconstitutional; and upon the further ground that the law, if constitutional, does not authorize a tax in aid of a company organized for other purposes than building and operating a railroad. There was a decree for the defendant. The plaintiffs appeal.

*Detrick & Snell* and *Barcroft, Given & McCaughan,* for appellant.

*J. F. Duncombe,* for appellee.

ADAMS, CH. J.—I. The tax was voted under chapter 123 of the Laws of 1876. The constitutionality of this law was
1. TAXATION: drawn in question in *Renwick, Shaw & Crossett* in aid of railroads: constitutional law. *v. Davenport & Northwestern Railway Co. et al.,* 47 Iowa, 511. In that case the constitutionality of the law was sustained. While in this case some additional considerations are presented against the constitutionality of the law, and urged with great ability and zeal, we have to say that they are not such as to lead us to think that the case above cited should be overruled.

II. The case at bar differs from other cases involving the question of railroad aid heretofore decided by this court in
2. ——: ——: this, that the company to be aided was ostensibly railroad and telegraph company. organized as a telegraph company as well as a railroad company. The articles of incorporation, it is true, are not set out, nor is the purpose of the organization averred in the petition, yet we think that the double purpose above mentioned may be reasonably inferred from the corporate name. We are not, however, bound to infer, and do not infer, that the company had a distinct character as a telegraph company, or was organized to build and operate a telegraph line except as a mere incident to the proper and successful operation of its railroad. A corporation has, by implication, the power to do whatever is reasonably necessary to

the proper exercise of the powers expressly granted. That a railroad upon which any considerable amount of business is done cannot be operated with safety to life or property without a telegraph line in connection with it we presume no one would deny. The power, then, to build and operate a telegraph line in connection with the road, as a means of operating the road, is plainly inferrible from the power to build and operate the road. The defendant company, then, does not differ in any essential respect from any railroad company, and the objection to the validity of the tax based upon the ground that the company is authorized to build and operate a telegraph line is, we think, not well taken.

AFFIRMED.