### Bonds in Aid of Railroads.

TOWNSHIP OF NEW BUFFALO v. CAMBRIA IRON Co., Sup. Ct. U. S. Oct. Term, 1881. Error to the circuit court of the United States for the western district of Michigan. Plaintiff, in the court below, recovered judgment on certain bonds which were issued to a railroad company by the plaintiff in error to aid in the construction of a railroad, and by the railroad company transferred to defendant in error. The bonds had been issued to the railroad company under authority of an act of the legislature of the state. On the part of the plaintiff in error it is contended that by the settled law of the state as it existed when the bonds were issued they were void. The decision of the supreme court of the United States was rendered on March 27, 1882, Mr. Justice *Harlan* delivering the opinion of the court affirming the judgment of the circuit court.

Where, by the law of the state as expounded by its supreme court and acted upon by its legislative and executive departments, bonds issued to a railroad company were held valid obligations of the municipality by whom they were issued, this court will not feel bound to follow later decisions of the state supreme court modifying their former opinions. The defendant in error is a *bona fide* holder for value, and his rights and obligations depend upon the same rule. In the absence of constitutional provisions making a distinction between municipal subscriptions to stock and municipal appropriations of money or credit, there is no solid ground upon which the legislature can rest such a distinction. That the bonds were voted to one railroad company, and were delivered to a consolidated company, will not invalidate them, as they must be deemed to have been given in view of the then-existing statute authorizing two or more railroad companies forming a continuous or connected line to consolidate and form one corporation and investing the consolidated company with the powers, rights, property, and franchises of the constituent companies.

H. F. Severens, for plaintiff in error.

W. J. Smiley, for defendant in error.

Cases cited in the opinion: As to constitutionality of state law, Taylor v. Ypsilanti, 4 Morr. Tr. 326, followed; and People v. Salem, 20 Mich. 452; Bay State v. State Treasurer, 23 Mich. 499; Thomas v. City of Port Huron, 27 Mich. 320, not followed. Rights of holder for value: Railroad Co. v. National Bank, 102 U. S. 14. Donations and descriptions: Railroad Co. v. County of Otoe, 16 Wall. 674; Olcott v. Supervisors, 16 Wall. 678; Town of Queensbury v. Culver, 19 Wall. 91. Consolidation of railroads: County of Scotland v. Thomas,

94 U. S. 682; Town of East Lincoln v. Davenport, Id. 801; Wilson v. Salamanca, 99 U. S. 504; Nugent v. Supervisors, 19 Wall. 252; Empire v. Darlington, 101 U. S. 91; Menasha v. Hazard, 102 U. S. 81; Harter v. Kernochan, 103 U. S. 574; Tipton Co. v. Locomotive Works, Id. 532.