BARNES ET AL. v. THE COUNTY OF MARSHALL.

1. **Taxes:** RECOVERY OF LOCAL AID TAXES: LIABILITY OF COUNTY. A county acquires no beneficial interest in taxes voted in aid of a railroad and paid to the county treasurer, and cannot be held responsible for their repayment when forfeited by the railroad company. The claim of the tax-payer for the recovery of such taxes is against the fund in the hands of the treasurer, and not against the county, and no order of the board of supervisors is necessary to authorize their repayment. BECK and SEEVERS, JJ., *dissenting*.

*Appeal from Marshall District Court.*

THURSDAY, APRIL 21.

ACTION to recover for money paid as a tax to aid in the construction of a railroad, and alleged to be refundable under the statute.

The plaintiffs aver in their petition in substance that the tax was paid on the 12th day of December, 1871, to aid in the construction of the Burlington, Cedar Rapids & Minnesota railroad; that the company has failed to construct the road, and has abandoned the same; that by reason of such failure the tax on the 12th day of December, 1873, became forfeited; that the plaintiffs have demanded of the county treasurer, and the board of supervisors, the repayment of the tax, but the county treasurer refuses to repay the same, and the board refuses to audit and allow the same, or cause a warrant to be drawn therefor.

To the petition the defendant demurred upon the following grounds:

1st. Because the treasurer of Marshall county, to whom the tax was paid, and who by law was required to repay the same, and his bondsmen at that time, are liable for the repayment of the taxes.

2d. This action is based upon an implied contract to repay taxes, and the plaintiffs' right to recover the same has not accrued within the five years last preceding the commencement of this suit, but before that time.

3d. Because there is no allegation in the petition that the defendant has ever appropriated said money to its use, or that the same has been distributed to any particular county fund.

4th. Because the treasurer of Marshall county, who collected said tax, is the agent of the plaintiffs to receive said tax, but not the agent of the defendant for its collection, as the tax is raised for a private corporation, and for private purposes, and not for any public purpose.

5th. Because said money has never gone into and become a part of the money belonging to the treasury of Marshall county, and cannot so become under the laws of Iowa, and if collected and not kept or disposed of as required by law it is a wrongful conversion by the treasurer, for which he and his bondsmen would be liable.

6th. Because there is no common law or statute requiring a county to refund a tax voluntarily paid, except such as has been erroneously and illegally exacted and paid.

7th. Because it is shown by said petition that on the 12th day of December, 1873, it became and was then the official duty of the then county treasurer of Marshall county to repay said tax to the persons entitled thereto; and more than three years have elapsed since said date, and before the commencement of said action.

The court sustained the demurrer, and rendered judgment for the defendant. The plaintiffs appeal.

*Henderson, Merriman & Carney,* for appellants.

*O. Caswell,* for appellee.

ADAMS, CH. J.—A local aid tax is not collected for the benefit of the county, but for the benefit of the corporation that is to be aided, and in contemplation of law, perhaps, for the benefit of the townships voting the aid. The tax is to be paid to the county treasurer, and deposited in the county treasury. If the county should wrongfully appropriate the same to its own use, it would, we presume, become liable therefor. In this case the petition shows that the tax is still in the treasury. The only complaint made of the county is that its board of supervisors have refused to audit and allow the claim, and have refused to cause a warrant to be drawn therefor. The question presented is as to whether the county is liable for such refusal. It certainly is not unless the plaintiffs' right was affected by the refusal.

*1. TAXES: local aid tax: liability of county.*

Taking the averments of the petition to be true it was the duty of the county treasurer to refund the tax. Chapter 102, section 3, session laws Thirteenth General Assembly. This we think he might do without any order of the board. In *Butler v. The Board of Supervisors,* 46 Iowa, 327, it was, to be sure, intimated that in a supposed case it would be proper for the board to order a local aid tax illegally collected to be refunded. See, also, *Lauman v. The County of Des Moines,* 29 Iowa, 310, in regard to the obligation of a county to refund a tax illegally collected. But in the case at bar the tax was not illegally collected. The plaintiffs' right rests solely upon the fact that the tax was paid more than two years prior to the commencement of the action, and had not been earned by the company. The tax, we think, was refundable by simple demand upon the treasurer. If it was refundable only upon a warrant duly drawn by the county auditor, the sanction of the board would be necessary. Code, §

321. But the tax was refundable without a warrant, unless the tax was payable to the county. Code, § 327. It was payable to the county treasurer, and was, when paid, to be deposited in the county treasury. But it should be kept as a distinct fund, subject merely to the rights of the company and special tax-payer. In no event could the county acquire any beneficial interest therein. It follows, we think, that in case of misappropriation by the county treasurer, or loss in any way without the fault of the county, the loss should fall upon the company or special tax-payer, and not upon the county or general tax-payers. The plaintiffs' claim, then, is strictly a claim against the fund, and not against the county. Such being the case it appears to us that it was not one to be audited and allowed by the board, and a warrant to be drawn therefor. If so the plaintiffs' tax should have been refunded by the treasurer upon demand, and the county did not become liable by reason of anything which the board omitted or refused to do.

If, as the parties intimate in their arguments, the tax is not in the treasury, but was misappropriated by the predecessor of the present treasurer, it cannot, of course, be refunded (except by way of reimbursement for loss from a different fund, which we hold would be improper) nor would the present treasurer be liable therefor.

In our opinion the demurrer was properly sustained.

AFFIRMED.

BECK, J., *dissenting.*—I. The statement of the pleadings made in the opinion of the majority of the court recites an important averment of the petition, namely: That the money collected as taxes from plaintiffs, which they seek to recover, is wholly unpaid.

The demurrer resists plaintiffs' right to recover in this action, as it will be discovered upon the consideration of the whole pleadings, upon these grounds:

1. The money was paid to and received by the treasurer

of defendant in a private capacity as agent of plaintiff, not officially as treasurer of the county, and the money was not paid into the treasury of the county nor used and appropriated as public funds.

2. The action is barred by the statute of limitations.

II. It has been held by a majority of this court, in more than one decision, that the statute authorizing the levy of taxes to aid in the construction of railroads is constitutional, for the reason that the building of railroads is a public purpose for which taxes may be levied. See *Stewart v. Board of Supervisors*, 30 Iowa, 9. This case has been frequently approved. See *Renwick et al. v. Davenport & Northwestern R'y Co.*, 47 Iowa, 511.

If the statute provided for the levy of taxes for a private purpose it would, according the doctrine recognized by all courts, be in violation of the constitution. The taxes involved in this case were, according to the settled rule of this court, levied for a public purpose. They were authorized by a vote of the people and when so authorized they were levied and collected as all other taxes. Their collection was made by the county treasurer, and when delinquent the payment was enforced by distress of goods or sale of lands, in the same manner as all other taxes levied by the county. See chapter 102, Acts Thirteenth General Assembly.

The statute above cited, under which the taxes were levied, gives no support to the positions assumed in the demurrer that the taxes were not paid to the county treasurer in his official capacity, but were received by him as the agent of the tax-payers, and the money was not, therefore, paid into the county treasury.

The statute authorizes the county treasurer to collect the taxes, which are levied by the county and placed upon the tax books. They are collected in the same manner as other taxes. It is impossible to suppose that the legislature intended the collection of this tax, levied for a public purpose, to be made by a private person. The act designates the person

charged with the collection of the tax by his official title, and prescribes his duty in language of the same purport that it uses in prescribing his duties pertaining to other taxes. That the statute requires the taxes collected under its provisions to be paid into the county treasury is not left to inference. The proviso of the third section prescribes that if the taxes be not withdrawn from the county treasury within two years the treasurer shall repay the money to the tax-payer. Here is an express declaration that taxes under the statute are found in the county treasury. Of course they were deposited in the treasury by the treasurer.

We have, then, the case of taxes paid for a public purpose into the county treasury. They are held by the county in trust for the objects to which the law appropriates them. *D. M. & M. R. Co. v. Lowry*, 51 Iowa, 486. In this respect they do not differ from other taxes for special purposes, paid into the county treasury, as the school taxes, bridge taxes, taxes for the support of the insane, etc. The fact that these taxes are not appropriated to purposes connected with the county government does not authorize the conclusion that the county is not interested in the purposes for which they were collected. The county, as a branch of the government of the State, is charged by the law with the duty and responsibility of collecting and disbursing these various taxes. They are collected for public purposes, and their disbursement within the county is a public benefit which is enjoyed by the people of the county. The law charges the county with the duty of returning to the tax-payers the money collected for the construction of railroads, if it be not used for that purpose. As the money is in the treasury of the county, the tax-payer cannot seek payment elsewhere.

As we have seen, the taxes under the law are paid into the treasury of the county. The petition avers that the money still remains there. The law declares that if the taxes are not withdrawn from the county treasury within two years after collection, the money shall be repaid to the tax-payer.

Who should be responsible for the return of the money? It is very plain that the county treasurer is not, for he holds the funds for the county. It is equally plain that the county is responsible, for the fund which the tax-payer seeks is found in its treasury. To my mind the question will not admit of further argument.

III. The action is not barred by the statute of limitations. The defendant became liable to repay the tax Dec. 12, 1873, at the expiration of two years from the date of the payment. The action was commenced October 10, 1878. The period of limitation is five years. Code, § 2529, ¶ 4.

Actions against public officers are barred within three years. § 2529, ¶ 3. This provision is not applicable to the case before us, which is not prosecuted against an officer, but against the county.

In my opinion the judgment of the District Court ought to be reversed.

SEEVERS, J., concurs in the conclusions I have expressed in this dissenting opinion.