## SEARS v. MARSHALL COUNTY.

1. **Void Tax Sale:** REMEDY OF OWNER REDEEMING FROM: LIABILITY OF COUNTY. Where an owner of land redeems the same from a void, tax sale—void because the tax for which the sale was made has been twice paid, once voluntarily, and once by a previous sale of the property he cannot recover from the county the amount paid in redemption. The sale, being utterly void, did not imperil his title, and he had no need to redeem. His remedy was to proceed against the holder of the certificate or tax deed to cancel the void transaction.

*Appeal from Marshall District Court.*

FRIDAY, OCTOBER 20.

IT is averred in the petition that in December, 1873, the plaintiff was the owner of a block of lots in the city of Marshall, and that in Seprember, 1871, a five per cent railroad tax was voted in the township in which the block is situated. and that the tax was levied and placed upon the tax books; that on the 18th of May, 1872, the township trustees certified to the county treasurer that the railroad company had complied with the law, and was entitled to the tax, and that the tax became payable at that time; that in October, 1873, the treasurer of the county sold the said real estate for all taxes then due, delinquent and payable, and issued a certificate of sale to the purchaser; that on the 11th day of May, 1872, the then owner of the land paid "The amount of the said tax of 1871" to the treasurer, and took his receipt, and said payment was duly entered on the tax books; that notwithstanding the sale aforesaid and the payment of the taxes, the treasurer of the county did, in 1878, wrongfully and unlawfully again sell said premises for the said tax of 1871, and issued his certificate of sale to the purchaser; that in order to save his title and rights in the property, the plaintiff was compelled to redeem from the last sale, which he did, under protest, on the 29th day of July, 1879; that he pre-

sented his claim for the amount paid in redemption to the. board of supervisors, but said claim was refused and disallowed. Judgment is prayed for the amount paid in redemption and for costs. The defendant demurred to the petition on the grounds: *First:* That the tax for which the premises were sold was not public revenue, but the private claim of the railroad company; *Second:* The tax was paid before the sale of which the plaintiff complains, and the redemption was voluntary; *Third:* The plaintiff, having redeemed from the sale, thereby affirmed its validity, and is now estopped to deny it; *Fourth:* The premises having been sold in 1873, the subsequent sale in 1878 was void, and the plaintiff is not prejudiced thereby; *Fifth:* The sale of 1878 worked no injury to the plaintiff, his title having been divested by the sale of 1873. The demurrer was sustained, and judgment was rendered against the plaintiff for costs. He appeals.

*J. M. Parker*, for appellant.

*J. H. Bradley*, for appellee.

ROTHROCK, J.—It seems to be conceded in the argument that the railroad tax is the only subject of contention. According to the averments in the petition, it was paid on the 11th day of May, 1872, some time before it was certified by the township trustees. In 1873, the real estate was sold for the tax, notwithstanding it had been paid in 1872. It is not alleged that there has been any redemption from that sale. In 1878 it was again sold by the treasurer for the same tax. The plaintiff redeemed from this last sale, and seeks to recover of the county the amount paid in redemption. We have then the question whether when a railroad tax has been paid, and the land upon which the tax was levied has been twice wrongfully sold, the owner may redeem from the last sale, and recover the amount paid in redemption from the county.

Leaving out of view the question whether or not a railroad aid tax may under any circumstance be recovered back from

the county (see *Barnes v. Marshall County*, 56 Iowa, 20), we are clearly of the opinion that where the owner redeems from a void sale—void because the tax for which the sale was made has been twice paid, once voluntarily and again by a previous sale of the property—he cannot recover the amount paid in redemption from the county. He cannot thus make the county his debtor. The tax sale being utterly void, his remedy is to proceed against the holder of the certificate or tax deed, to cancel the void transaction. As exactly in point, see *Morris v. The County of Sioux*, 42 Iowa, 416. It is said, however, that this case is overruled by *Richards v. Wapello County*, 48 Iowa, 507. We do not so understand it. That was a payment of a tax which should not have been assessed, and it was held that it could be recovered back from the county. In other cases cited by counsel for appellant, the taxes sought to be recovered back were erroneous and illegal, but they were nevertheless taxes assessed, levied and paid. The tax payer may, in such case, be required to protect his own property from sale. In this case, as is said in Morris's case: "His title was not imperiled by the sale, and for its protection he was not required to redeem." We think the demurrer to the petition was properly sustained.

AFFIRMED.