THE INDEPENDENT DISTRICT OF OTTUMWA V. C. O. TAYLOR, *et al.*, Appellants.

**Refund of School Tax:** CERTIORARI. Under Code, section 322, providing that on *certiorari* the court may merely give judgment affirming or annulling the proceedings, or correcting the same, and directing further proceedings, *certiorari* would not furnish adequate relief to a school district against proceedings by the board of county supervisors in refunding a tax collected for the benefit of the school district, where the money had been actually refunded, and the tax payer had no money in the hands of the county officers. *Certiorari* lies only where there is no other plain, speedy, or adequate remedy, and, in this case, a suit in equity for the recovery of a trust fund is such remedy.

PARTY: *Notice.* It is not necessary to notify a school district of, or make it a party to an application to the county, made by one of the tax payers of the district to refund him school taxes paid,

which application is based on the claim that he legally belongs to another district having a lower rate of taxation.

**Schools: TITLE TO TAXES.** A school district which has for thirty years furnished school privileges free of charge to people, living on designated land, and assessed and collected taxes during such time against such land, is entitled to the money paid for such taxes where no other district has ever claimed any of the tax, or that the land was within its jurisdiction, although, through loss of records, there is no record of the organization of such district, or how such land came to be treated as a part thereof.

**ESTOPPEL.** The fact that one of the directors of a school district, and the secretary of the school district board, and an elector who was not an officer of the district, while acting as judges of a school district election, refused to allow electors residing on certain land to vote, on the ground that they lived outside of the district, will not estop the district from thereafter claiming that such land was within its limits, for purposes of taxation.

*Appeal from Wapello District Court.*—HON. ROBERT
SLOAN, Judge.

FRIDAY, JANUARY 22, 1897

THIS action is against C. O. Taylor, the board of supervisors of Wapello county, and O. P. Bizer, F. J. Baum, and Norman Reno, members of said board. It is in equity, to recover from said Taylor one hundred and eight dollars and thirty-four cents, with interest, taxes paid by said Taylor to the county for the plaintiff, and alleged to have been illegally refunded and paid back to said Taylor. Decree was rendered in favor of the plaintiff against the defendant Taylor, for one hundred and twenty-two dollars and forty-two cents, with six per cent. on the judgment, and for costs. Defendant appeals.—*Affirmed.*

*W S. Coen* for appellants.

*McElroy & Heindel* for appellee.

GIVEN, J.—I.  The facts of this case are undisputed, and those necessary to be noticed are as follows:  The plaintiff has existed and operated as an independent school district, under the laws of Iowa, for forty years last past.  The record of its organization has been lost.  For over thirty years the northeast one-fourth of the northwest one-fourth, and the southwest one-fourth of the southeast one-fourth of section 14, township 72, range 14, Wapello county, have been treated by the plaintiff, the county, and the owners of said land as within the plaintiff district, and taxes for the use of said district have been annually levied and collected thereon, and paid to the district.  During all those years plaintiff has afforded school facilities free of charge to persons residing on said land, and the same have been enjoyed by them.  Taxes were levied and collected on said land for the use of the plaintiff for the years 1887 to 1891, inclusive, amounting to three hundred and ten dollars and fifteen cents.  Said land is not within the corporate limits of the city of Ottumwa, but adjoining thereto.  It has never been claimed by the adjoining district as part thereof.  On the third day of April, 1893, the defendant Taylor, owner of said land, presented his petition to the defendant board of supervisors, claiming that said land should have been assessed as in district No. 2, district township of Center, instead of the plaintiff district, during said five years; that the taxes collected for said years were one hundred and eight dollars and thirty-four cents in excess of what were due to said district No. 2; and asked that that sum be refunded to him.  On the fourth day of April, 1893, the defendant board sustained said petition, and ordered that the county treasurer refund to Taylor one hundred and eight dollars and thirty-four cents, "out of any funds in his hands,

or that might thereafter come into his hands, belonging to said independent district of Ottumwa." On April 22, 1893, the auditor issued his warrant on the county treasurer in favor of Taylor for said.. sum, and the same was paid to him by the treasurer on April 24, 1893. On the third day of April, 1893, the attorney for Mr. Taylor informed the secretary and members of the plaintiff's board that said petition was pending, and would be heard at ten 10 A. M. the next day; but plaintiff made no appearance or resistance to said petition. The defendant has not, at any time since said payment to him, had any money in the hands of the treasurer of Wapello county. It also appears, that at the annual election in March, 1893, of directors for the plaintiff district, the secretary of plaintiff's board, and an elector who was not an officer of plaintiff, acted as judges of the election, and that they refused to allow electors residing on said land to vote, on the ground that they lived outside of the limits of the plaintiff district.

II. The first contention presented in argument is as to the remedy. Defendants contend that it can only be by *certiorari*, to correct the errors, if any, of the board of supervisors; and plaintiff contends that that remedy is inadequate, and may not be invoked, because the remedy in equity is adequate to pursue this money as a trust fund. The remedy by *certiorari* would not have been adequate in this case. Section 3222 of the Code, provides that the court "may give judgment affirming or annulling the proceeding in whole or in part, or, in its discretion, correcting the same and prescribing the manner in which the party, or either of them, shall further proceed." This action was commenced July 26, 1893; hence there was no unnecessary delay on the part of the plaintiff in asserting its claim. Prior to that time the money had been paid to Mr. Taylor, and he had

no money in the hands of the county. A judgment annulling the action refunding the money would have afforded plaintiff no adequate relief. "It is a general principle, belonging to *certiorari*, as to all other extraordinary remedies and proceedings, that process will not issue where it would be without beneficial results, and *certiorari* would not lie where no substantial relief can be given." 2 Spellman, Extr. Rel., section 1896. This money in the hands of the county treasurer was a trust fund held for the benefit of whoever was entitled thereto. *Barnes v. County*, 56 Iowa, 20 (8 N. W. Rep. 677); *Everly v. Supervisors*, 77 Iowa, 470 (42 N. W. Rep. 374). Being a trust fund, equity will aid the party entitled thereto in pursuing it into whatsoever hands it may have passed. Section 3216 of the Code provides that *certiorari* will only lie "when, in the judgment of a superior court, there is no other plain, speedy, and adequate remedy. There being a plain, speedy, and adequate remedy in equity to pursue this trust fund, *certiorari* is not the proper remedy.

Plaintiff lays some stress on the fact that it was not notified in writing of, nor made a party to, the petition of Mr. Taylor, for a refund. We are not cited to, nor do we know of, any law requiring that plaintiff should be so notified, or made a party, and we see no reason why it should be so required.

III. We now inquire whether the plaintiff is entitled to this money. We have seen that, pursuing the course that all parties had acquiesced in the thirty years, this land was assessed and said money collected for and as taxes due to the plaintiff, and that district No. 2 has never claimed any of the tax, nor that the land was within its jurisdiction. We have also seen that during these thirty years, up to and including 1891, the plaintiff has furnished school privileges free of charge to the people living on said

land, and that they have availed themselves thereof. Counsel for defendant says: "I am not sure that the Taylor land belongs in the independent district." True, we have no record of the organization of the plaintiff district, nor when or how this land came to be treated as a part of it, but surely under the facts, the record being lost, we must assume that, at some time, it became a part of that district, in a manner authorized by law.

It is urged on behalf of the defendants that as the judges of the election in 1893 refused to allow electors then residing on said land to vote at that election, because not residents of the district, the plaintiff is estopped from claiming that said land is within the district, and from claiming taxes levied thereon. To so hold would be carrying the doctrine of estoppel to an unwarranted extent. We are clearly of the opinion that the decree of the district court is correct.—AFFIRMED.