H. M. SCHOFIELD et al., Appellants, v. INDEPENDENT SCHOOL DISTRICT OF FERGUSON, et al., Appellees.

**SCHOOLS AND SCHOOL DISTRICTS: Statutory Consolidation— Election—Posting Notices—Construction of Statute.** Judicial authority to construe a statute, though the statute be obscure and doubtful in its terms, does not embrace the authority to amend it. So held under Sec. 2746, Code, specifying the sufficiency of notices of school elections.

PRINCIPLE APPLIED: It was proposed, under Sec. 2794, Sup. Code, 1913, to consolidate the territory or parts of territory of several subdistricts—some nine tracts in all—into an independent school district. Sec. 2746, Code, provides that the notice of election to vote on the consolidation shall be posted "in at least five public places in said corporation." Five notices were posted within the limits of the said nine tracts. *Held,* the notice given was sufficient—that to hold that the statute required the posting of five notices in each subdistrict or part thereof proposed to be included in the consolidation would, in effect, be a judicial amendment to the statute.

*Appeal from Marshall District Court.*—HON. C. B. BRADSHAW, Judge.

FRIDAY, MARCH 19, 1915.

SUIT in equity to test the validity of the organization of an independent school district and to restrain the persons claiming to hold office therein from exercising the functions or performing the duties pertaining to such positions. The material facts are stated in the opinion.—*Affirmed.*

*Bradford & Johnson,* for appellants.

*C. H. Van Law,* for appellees.

WEAVER, J.—Proceedings for the consolidation of the territory or parts of the territory of several sub-districts into an independent school district were instituted upon a petition alleged to be signed by more than one-third of the qualified voters residing within the boundaries of such territory, and at an election called pursuant to such petition, a majority of the votes cast was in favor of the proposed consolidation. Of the consolidated district, certain duly qualified persons were chosen to fill the offices contemplated by the statute for school corporations of that character. All of these persons, together with the consolidated district, are made defendants in this suit. In their petition, plaintiffs, who are resident electors of the territory in question, assailed the validity of the organization of the consolidated district on various grounds and prayed that the proceedings had in said matter and the election held therein be decreed to be void and of no effect and that the alleged officers of the consolidated district be permanently enjoined from exercising any of the functions or powers pertaining to such positions. A temporary injunction was asked and granted. On defendants' motion to dissolve the injunction, a full hearing was had of the facts in controversy and thereupon the court sustained the motion and dissolved the injunction. From this ruling the plaintiffs appeal.

In argument to this court, the appellants waive all other objections and place their sole reliance for a reversal upon the proposition that the notice upon which the election was called and held was not given as required by law and that such election was, therefore, without legal force or effect and the attempted organization of the consolidated district in pursuance thereof was fatally defective.

1. SCHOOL AND SCHOOL DISTRICTS: statutory consolidation: election: posting notice: construction of statute.

The substance of the objection to the election notice is as follows: The statute which authorizes such consolidation of territory from two or more sub-districts into an independent district provides that the election to be held for that purpose

shall be upon the same notice which is required for other school elections. Code Sec. 2794. The general provision to which such reference is made is assumed to be the one found in Code Sec. 2746, which directs the posting of the notice of district elections in five public places within the district. In the case before us, the proposed consolidation included territory to be taken from several sub-districts—eight or nine in number, according to appellants. Five notices were in fact posted for the prescribed time in five different public places within the limits of this territory, but it is the contention of the appellants that to meet the requirement of the statute, five such notices should have been posted in each sub-district from which such territory was to be taken and as this was admittedly not done, it invalidated the entire proceeding. In support of the appeal, much is said of the inadequacy of five posted notices to attract or receive the attention of the body of voters entitled to take part in the election and of the possible injustice which may result from such limited publicity of an important measure of general interest. While considerations of public convenience and wise public policy are not to be overlooked in the interpretation of an obscure or doubtful statutory provision, judicial authority to interpret and construe the language of an act of the legislature does not include authority to amend it, even though the suggested amendment may commend itself to court and counsel as being both wise and just. To hold with appellants upon the question here presented would be to amend rather than to construe the statute. If the question of consolidation were to be submitted to the electors of the several sub-districts voting separately, each in his own sub-district at polls opened for that purpose, then the appellants' construction of the provision for notice would naturally follow. But such is not the provision. The election is one to be held within and for the proposed consolidated district, and when the act directs that the notice shall be given as provided in other cases, it is reasonably susceptible of but one construction, and that is

that the same number of notices shall be posted within the proposed district and for the same length of time as required for the calling of other district elections. If any weight is to be given to the objection that such notice is too restricted to give the matter due publicity, it should be said, also, that an application of appellants' theory would often make the validity of such election turn upon a matter of idle form. For example, on that theory, if the proposed consolidation includes any part of a sub-district, even though it be but a single small tract of land on which there reside not more than one or two electors, five notices must be posted there in order to validate the election. As applied to the case at bar, if appellants are right in saying that eight or nine sub-districts contribute some part of their territory to this consolidation, forty or forty-five notices should have been posted. In the absence of a statute clearly requiring such overabundant notice, the court should be slow to annul an election upon such ground. As a matter of common observation, the people of the average school district are sensitive and alert upon all proposed changes and innovations and any proposed public movement in school or district affairs upon which there is likely to arise any marked division of sentiment needs very little formal legal notice to make it the topic of general if not universal discussion. In most cases, forty notices will be no more certain than five to attract attention or to bring to the polls those who desire to register their votes upon the proposition. Had the legislature thought it necessary or expedient to require the full number of five notices in each and every sub-district or part of sub-district within the proposed consolidated district, we must presume it would have so provided, and not have left such a vital regulation to depend upon a judicial construction.

We hold, therefore, that the trial court did not err in finding that the election was duly called and that the injunction ought to be vacated. Other issues have to some extent been argued by counsel for the appellees, but in so far as

they were decided by the trial court and are not argued or submitted by the appellants, the adjudication below would seem to be final and its correctness is not here open to question.

For the reasons stated, the ruling and judgment of the district court are *Affirmed.*

DEEMER, C. J., and LADD, GAYNOR and SALINGER, JJ., concur.

SALINGER, J., concurring.—

I agree to the result reached. But if the opinion can be said to rule, that posting five notices in five public places in the territory which proposes a consolidated school district, without the posting of five notices in the territory proposed to be annexed, is a compliance with the statute, I dissent from such ruling.

The only complaint made by appellant is by a statement under the head "Error relied on for reversal", that failure to post five notices "in each of the nine school, or parts of school corporations, sought to be consolidated", is a disregard of the law. I place my concurrence expressly upon the ground that this is the only error presented, and that the assignment is not well taken. In my view, the territory proposing the consolidation is, for the purposes of the question at bar, one entity, while the sum total of the various divisions composing the territory proposed to be annexed is the second entity. It follows that if five notices are posted in proper manner in the territory of the first entity and five others in that of the second entity, legal notice has been given, although five notices have not been posted in each of the various districts or parts of districts which, taken together, form the total territory proposed to be annexed.