No. 8991.

## BROWNLEE v. THE BOARD OF COMMISSIONERS OF MADISON COUNTY.

COUNTY ORDERS.—*Promissory Note.*—A county order for taxes refunded containing the words " due and payable June 30th, 1878, with 8 per cent. interest from date," is in legal effect the promissory note of the county, is assignable, and is presumed to be upon a sufficient consideration.

SAME.—*Refunding Taxes Paid on School Lands.—Act of February 8th, 1877.— Pleading.*—In an action against a board of commissioners upon an order for the repayment of taxes paid on school lands, if the taxes were of the class which the act of February 8th, 1877, Acts 1877, p. 139, prohibits from being refunded, and that fact does not appear on the face of the complaint, it must be pleaded as a defence to the action.

From the Madison Circuit Court.

Brownlee v. The Board of Commissioners of Madison County.

*J. F. McDowell, H. D. Thompson* and *J. A. Kersey,* for appellant.

NIBLACK, J.—Action by James Brownlee, as assignee of Gimason Broyles, against The Board of Commissioners of the County of Madison, upon an order issued by the auditor upon the treasurer of that county. The complaint was in three paragraphs, each counting upon the order in a form somewhat different from the others, and each making a copy of the order, and the endorsement thereon, a part of the paragraph.

The order was as follows: "No. 513. Taxes refunded, $61.65; auditor's office, Anderson, Indiana, June 30th, 1877.

"Treasurer of Madison county, Indiana, pay to Gimason Broyles the sum of $61.65, for taxes refunded on congressional school lands, as allowed by the commissioners' court of said county, at their special June term, 1877. This order is drawn subject to all taxes due from the holder. This order due and payable June 30th, 1878, with 8 per cent. interest from date. Receivable for all county taxes.

"Attest:                                    JOHN L. FORKNER,
                                        "Auditor Madison Co."

Endorsed: " GIMASON BROYLES."

The defendant demurred to the complaint, upon the grounds:

1. That it did not state facts sufficient to constitute a cause of action.

2. That the court had no jurisdiction of the subject-matter of the action.

The demurrer was sustained, and the plaintiff declining to plead further, final judgment was rendered against him upon demurrer.

The only question presented is, was the complaint sufficient upon demurrer? An order, such as that sued upon in this case, is, in legal effect, the promissory note of the county, is assignable, and is presumed to be upon a sufficient consideration. *The Board of Commissioners of Floyd Co.* v. *Day,* 19 Ind. 450.

The defendant has failed to file a brief in the cause; we

have, therefore, no suggestion of any defect in the complaint, either formal or otherwise.

The act of February 8th, 1877, Acts 1877, Reg. Sess., p. 139, absolutely prohibits the commissioners of the several counties from refunding taxes paid on school lands in a large class of cases; but it does not prohibit the refunding of such taxes in every conceivable case. We must, therefore, assume that the taxes ordered to be refunded in this case were paid upon school lands of a class different from those enumerated in that act, upon the principle that both the commissioners and the auditor must be presumed to have done their duty in the premises, until the contrary is made to appear. If the taxes for which the order in suit was given were of the class which the act of February 8th, 1877, *supra*, prohibits from being refunded, that was a matter to be set up as a defence to the complaint.

We see no substantial objection to the sufficiency of the complaint.

The judgment is reversed, with costs, and the cause remanded for further proceedings.