Vigo Township *v.* The Board of Commissioners of Knox County.

Judgment affirmed.

Filed May 24, 1887.

No. 13,658.

## VIGO TOWNSHIP *v.* THE BOARD OF COMMISSIONERS OF KNOX COUNTY.

COUNTY.—*Treasurer.—Agency.—Respondeat Superior.*—A county treasurer is not an agent of the county in such a sense that the maxim *respondeat superior* can be invoked. His duties are prescribed by law, and in the exercise of his office he is in no way subject to the control of the board of county commissioners.

SAME.—*Township Funds.—Defalcation of Treasurer.—Liability of County.*—A county treasurer is not the agent of the county in respect to funds collected by him for townships, and, in the absence of a statute so providing, the county is not liable to the townships for his defalcations.

SAME.—*Trust.—Township Funds Credited to General Fund of County.*—The board of county commissioners has no control of the funds which the law requires to be collected for and apportioned to the townships, and occupies no relation of trust concerning such funds in the treasurer's hands, unless they have actually been paid into the corporate treasury, *i. e.,* credited to the general fund of the county.

SAME.—*Auditor.—Warrants for Township Funds.—Create no Obligation Against County.*—In drawing warrants upon the county treasurer for the funds in his hands belonging to the townships, the county auditor does not act as the agent of the county, nor do such warrants create any obligation against it.

SAME.—*Compromise of Suit Against Defaulting Treasurer.—Rights of Townships.—Action Against County.*—Where a suit has been instituted by the county auditor upon the official bond of a defaulting county treasurer, and a compromise is effected, whereby a certain part of the amount converted is accepted in full satisfaction, a township which suffered a loss to its funds by the defalcation is entitled to its proportion of the sum recovered, but it can not maintain an action therefor against the

county, unless it is shown that the share belonging to it has been covered into the county treasury to the credit of the general fund.

From the Knox Circuit Court.

*W. H. DeWolf, S. N. Chambers* and *E. H. DeWolf,* for appellant.

*W. A. Cullop, G. W. Shaw* and *C. B. Kessinger,* for appellee.

MITCHELL, J.—During his incumbency in the office of county treasurer of Knox county, Spear S. Hollingsworth, in pursuance of his duty in that behalf, collected various funds belonging to Vigo township, one of the townships within the county above mentioned. Hollingsworth became a defaulter in his office, by appropriating public moneys which came into his possession, to the amount of $78,000. Among the moneys so appropriated were the funds collected for and belonging to the township of Vigo. Subsequently the State, on the relation of the county auditor of Knox county, instituted a suit upon the official bond of the defaulting treasurer. This suit was compromised by the county auditor and the bondsmen, the latter agreeing to pay over to the succeeding treasurer the sum of $35,000. After the annual settlement in 1886, the county auditor drew his separate warrants on the treasurer of Knox county for the full amount of each several fund which appeared by the records in his office to belong to Vigo township. These warrants were duly presented by the township trustee, to whom they were made payable. Payment was refused, on the ground that there were no funds in the treasury for that purpose. The warrants were afterwards presented for allowance to, and were rejected by, the board of commissioners. Acts 1885, p. 80. This suit was then brought, the claim of the township being, that upon the facts substantially hereinbefore stated, the county became liable for the payment of the warrants. The circuit court gave judgment against the township.

The argument in favor of the right of the township to

look to the board of commissioners for payment is predicated upon the assumption that the defaulting treasurer was the agent of the county, and that the board of commissioners became, in respect to the several funds, in legal effect, the trustee of the township. Hence, the claim is, since the wrongful appropriation of the money was the dereliction of the county's agent in respect to a fund toward which the board of commissioners occupied a fiduciary relation, the latter must make good the loss to the township occasioned by the default of its agent. It is said that the board of commissioners must be treated as the guardian or trustee of the township, because the latter can neither levy nor collect taxes, except through the agency and concurrence of the former, and because of the supervisory power of the board over the accounts and expenditures of the township trustees, and for the further reason, that the township trustee has no power to bring suit, or to control the county auditor in bringing or conducting a suit against the treasurer or his bondsmen. In our opinion, the assumptions upon which the argument rests are without legal foundation.

In the first place, a county treasurer is in no such sense the agent of the county as that the maxim *respondeat superior* can be invoked. This maxim has its foundation upon the right of the principal to select his agents, to control, direct and hold them responsible while in his service, and to discharge them on account of negligence, incompetency, or other delinquency, at his pleasure. If the principal has neither the right to select nor appoint, nor to direct, control or prescribe the duties of the agent, nor to discharge him in case of refusal to comply with the duties prescribed by the principal, the rule has no application. This rule is applicable to corporations as well as to natural persons. Dillon Munic. Corp., section 974.

Counties, in a very important sense, occupy a double relation. In one relation a county is a municipal corporation, charged with corporate functions and duties, and invested

with corporate powers. These are exercised for the benefit of the municipality, and in respect to these the county is responsible. A county is also a territorial and political division of the State, established as an instrumentality of government and municipal regulation. *Maxmilian* v. *Mayor*, 62 N. Y. 160 (20 Am. R. 468); *Eastman* v. *Meredith*, 36 N. H. 284.

Some of the duties of county boards, as well as other county officers, relate to and are exercised in the discharge of their functions as governmental agencies. Of this character are the duties of the board, as also those of the county treasurer and auditor, so far as they are connected with the revenue system of the State. In exercising these duties the officers exert a power delegated immediately to them by the State, for the benefit of all the citizens who are affected by the sovereign power which pertains to the levying and collecting of taxes. The county as a municipality is not specially interested in the exercise of these powers, except so far as they relate to its own municipal affairs. It is, hence, not liable for derelictions of officers in respect to their conduct as mere agents of the government.

Of course, in respect to such duties as are directly and absolutely imposed upon a municipal corporation by law, or which concern interests specially committed to its charge, and for the performance of which certain agents or officers may have been designated, the delinquency or default of the agent may, nevertheless, render the municipality answerable. Dillon Munic. Corp., section 980.

Liability in such cases grows out of the fact that the municipality failed to discharge some corporate duty which the law expressly and primarily laid upon it, and not upon the officer or agent.

The relations between the board of commissioners of a county and a county treasurer are such, that all the requisites to make the county answerable as principal for the defalcations of the treasurer as agent are wanting.

The treasurer is in no way dependent upon the board for his appointment to or continuance in office. His duties are all prescribed by law, and in the exercise of his office he is in no way subject to the control of the county board. He performs official duties for the State as well as for the county, and for every township and municipality within the territorial boundaries of the county. His duties are, therefore, not for the special or peculiar benefit of the county, nor for its interest, in any different sense than are they for the benefit or interest of the State, or the other municipalities in whose behalf the law requires the county treasurer to perform official service. He is a person selected in the manner prescribed by law, and has certain public functions to perform, which are all prescribed by statute and primarily laid upon him, and for the performance of which he is held civilly and criminally responsible. He is not, therefore, the agent of the county in respect to funds collected by him for townships; nor can the county be held answerable for his delinquency in the absence of an express statute making it liable. This is according to the principle deducible from the authorities, which hold, in effect, that a municipal corporation is not to be regarded as principal, and, therefore, liable for the defalcations and delinquencies of its public officers in failing to perform public duties which the law has laid upon them, and in respect to which the municipality is neither invested with corporate power nor charged with any corporate duty or statutory liability, and from the performance of which it derives no special advantage. The officer, under such circumstances, is regarded as an independent public agent, or *quasi* civil officer of the government, personally answerable for his misconduct or official delinquencies, and not the agent or servant of the municipality. Omissions of duty imposed upon such an officer by law, however injurious they may be to others, are not injuries for which the corporation, of which he is nominally an officer, is liable. *Hannon* v. *County of St. Louis*, 62 Mo. 313; *Morrison* v. *City of Lawrence*, 98 Mass.

219; *Fisher* v. *City of Boston*, 104 Mass. 87 (6 Am. R. 196); *Ogg* v. *City of Lansing*, 35 Iowa, 495 (14 Am. R. 499); *Maxmilian* v. *Mayor*, 62 N. Y. 160; *Prather* v. *City of Lexington*, 13 B. Mon. 559; *Mead* v. *City of New Haven*, 40 Conn. 72 (16 Am. R. 14); *Eastman* v. *Meredith*, 36 N. H. 284; *Fowle* v. *Alexandria*, 3 Peters, 398.

Whatever supervisory power boards of commissioners have in respect to approving official bonds, inspecting the accounts of, and making annual settlements with, county treasurers, is not committed to them as duties or functions pertaining to the municipal corporation, but rather as the exercise of a portion of the administrative or political power of the State. In all that the commissioners are authorized to do in respect to the control or supervision of the county treasurer, or his duties, or in respect to the levying and collection of taxes, they become merely a part of the official machinery which is organized within each county for the purpose of raising revenue for State, county, township and other local purposes. *Lorillard* v. *Town of Monroe*, 11 N. Y. 392; *Dewey* v. *Board, etc.*, 62 N. Y. 294.

It follows from what has preceded, that boards of commissioners can occupy no relation of trust in respect to the funds which come into the county treasurer's hands for the benefit of the several townships, unless such funds have actually been covered into the corporate treasury. It is quite true, that the Legislature has committed to county boards certain supervisory powers over the official conduct of township trustees, in regard to levying township taxes, incurring debts, and the inspection of their accounts, and the like. But without particularizing further, it is enough to say that county boards have no direction or control whatever of the funds which the law requires to be apportioned to and collected for the benefit of the several townships. Section 5995, R. S. 1881, enacts that the township trustee shall superintend all the pecuniary concerns of the township; that he shall, with the advice and concurrence of the county

board, levy a tax on the property of his township for township purposes, and report the same to the county auditor, who shall enter the same on the tax duplicate to be collected by the treasurer as other taxes are collected. So in respect to road tax, and every other fund provided for the benefit of the several townships. There is a special statutory provision directing the manner in which the money is to be raised and put into the hands of the county treasurer. The treasurer is required to make annual settlements with the county auditor for the amount of taxes for which he is to stand charged. Section 6500, R. S. 1881. Immediately after the annual settlement with the auditor, he is required to pay over to the proper township trustee, upon the warrant of the auditor, all the moneys in his hands belonging to each township. The duty of apportioning the several funds to the townships is imposed by law upon the county auditor, while the duty of collecting and paying the funds over to the several townships is laid directly upon the county treasurer. With the powers and duties of these officers in respect to those funds, the boards of commissioners have no authority whatever to interfere. In each case the duty of the officer relates directly to the township, and may be enforced by mandate in case of the officer's neglect or refusal to act. By that method the auditor might have been compelled to institute suit for the benefit of the township in case of his refusal. In respect to all matters pertaining to the collection, keeping and paying over to the townships the funds belonging to them, the county treasurer acts on his own responsibility, and independently of the board of commissioners of the county. *Halbert* v. *State, ex rel.,* 22 Ind. 125.

The conclusion is thus reached that the board of county commissioners occupied no relation of trust to the township funds in question, and that the county is not liable on the ground that the defaulting treasurer was its agent, for whose delinquency the county is answerable.

Vigo Township *v.* The Board of Commissioners of Knox County.

It is said, however, that the warrants sued on are, in effect, the promissory notes of the county, and that the presumption must be indulged that they were issued upon a valid consideration, and that, hence, the county is liable for their payment. *Brownlee* v. *Board, etc.*, 81 Ind. 186, and *Board, etc.*, v. *Day*, 19 Ind. 450, are relied on as sustaining this view.

The cases cited were suits upon warrants issued for obligations of the county—corporate debts. In such cases it may well be that warrants drawn by the auditor upon the treasurer are, in some sense, analogous to promissory notes, and presumptively upon a valid consideration. In the case under consideration it affirmatively appears, however, that the warrants were not drawn to satisfy a county or corporate obligation. In drawing the warrants upon the county treasurer for the several funds in his hands apportioned and belonging to the several townships, the county auditor does not act as the agent of the county. In such act he is discharging a governmental function for the benefit of the township. The warrant creates no obligation against the county; it is simply the authority upon which the county treasurer pays over, and the township trustee receives, the funds belonging to his township.

Lastly, it is contended that the county is liable to the township for the proportionate share of the thirty-five thousand dollars received upon the compromise made by the county auditor with the bondsmen. It is said the county is liable because the money has been paid into the county treasury. Doubtless this contention would be maintainable if it appeared that the money had been actually covered into the general fund of the county. This, however, does not appear. All that is shown in that regard is, that the county auditor compromised the suit on the official bond of the treasurer, and received and accepted thirty-five thousand dollars in full satisfaction for all the moneys appropriated by Hollings-

worth.  It does not appear that the money has been covered into the treasury to the credit of the general fund of the county.  It must be presumed that the auditor has performed his official duty, which clearly was to ascertain the proportionate share of the moneys recovered justly belonging to Vigo township, and to put it into the hands of the treasurer subject to his warrant in favor of the township trustee.  In contemplation of law, moneys collected for the townships do not go into the corporate or county treasury.  Such moneys, according to the policy of the statute, remain in the hands of the county treasurer as an independent public officer, for the benefit of the townships, until they are paid over by him upon the warrant of the auditor.  *Lorillard* v. *Town of Monroe,* 11 N. Y. 392.

In the treasurer's hands the moneys are impressed with a trust for the benefit of the townships.  Being trust funds, so far as they have been recovered and are capable of ascertainment, they must be restored to the proper *cestui que trust.* If they have been paid into the corporate treasury of the county—that is, credited to its general fund—it is the duty of the county board, upon proper application, to restore them. If the auditor has turned them over to the county treasurer, to be held by him in his official capacity, it is the duty of the auditor and treasurer to ascertain the amount due the township and to restore it to the proper trustee.  *Dewey* v. *Board, etc., supra.*  There can be no difficulty in ascertaining the amount of the trust fund, and in whosesoever custody it is found it may be reached for the benefit of the township.  *Rowley* v. *Fair,* 104 Ind. 189 ;  *Bundy* v. *Town of Monticello,* 84 Ind. 119 ;  *Naltner* v. *Dolan,* 108 Ind. 500.

The judgment is affirmed, with costs.

Filed May 27, 1887.