THE MINNEAPOLIS & ST. LOUIS RAILWAY COMPANY v. BECKET.

75 183
77 537
75 183
81 192

**County Treasurer**: FUNDS TRANSFERRED BY PREDECESSOR : MANDAMUS TO PAY OVER. Action of *mandamus* to compel defendant, as county treasurer, to pay over to the plaintiff company certain taxes collected for its use by his predecessor in office, and by such predecessor transferred to the county fund by order of the board of supervisors. *Held* that such transfer was such an appropriation of the money as to release defendant from all liability to plaintiff on account of it, and that the action would not lie.

*Appeal from Boone District Court.*—HON. H. C. HENDERSON, Judge.

FILED, SEPTEMBER 8, 1888.

ACTION of *mandamus* to compel defendant, as treasurer of Boone county, to pay to plaintiff the sum of $455.89. It is shown that this sum of money was paid to the treasurer of Boone county on account of taxes levied to aid plaintiff in the construction of a railway. On the seventeenth day of April, 1884, the board of supervisors of that county ordered the treasurer who preceded defendant in office to transfer to the county fund three hundred and forty-one dollars of the money in his hands, which belonged to the plaintiff. The transfer was made as ordered, and the controversy in this case grows out of that action. The district court ordered the payment to plaintiff of the sum of $114.89, and found specially that defendant was not liable for the amount transferred to the county fund by his predecessor, on the ground that defendant could not be compelled to adjust it as between plaintiff and the county, and rendered judgment accordingly. The plaintiff appeals.

*Albert E. Clarke*, for appellant.

*J. R. Whitaker*, for appellee.

ROBINSON, J.—The proceedings of the board of supervisors of Boone county in regard to the transfer of the money in controversy were as follows: "It is hereby ordered that a transfer of three hundred and forty-one dollars be made of the Minneapolis & St. Louis railroad fund to the county fund, the same being to reimburse the county for expenses of an election and collecting tax." The transfer was made by the treasurer on the eighteenth day of April, 1884. Evidence was offered to show that the action of the board was taken pursuant to an arrangement made with plaintiff; but this was disregarded by the trial court, and we think it was immaterial to the issues in the case. No attempt was made to show what became of the money transferred to the county fund, nor was it shown that this defendant ever received any of it in any form. Appellant insists that the taxes paid to the treasurer of Boone county, for the benefit of plaintiff, constituted a trust fund, which could only be paid out in the manner authorized by law. Acts 16th Gen. Assem., sec. 4, ch. 123; *Stone v. Woodbury County*, 51 Iowa, 522; *Des Moines & M. Ry. Co. v. Lowry*, 51 Iowa, 487; *Butler v. Supervisors Fayette County*, 46 Iowa, 326. It may be conceded that the money in question was part of a trust fund, and that the action of the board of supervisors in ordering the transfer, and the action of the treasurer in making it, were wholly illegal, but that fact connot affect the defendant. He is responsible for the money due to plaintiff, which he actually received from his predecessor and from other sources, but he is not liable to plaintiff for anything more. Before plaintiff can obtain the desired order in this action he must show that the money he seeks to obtain is actually or presumptively in the hands of defendant. If in fact defendant is unable to pay over the money because he never received it, or for other sufficient reason, the relief asked by plaintiff will not be granted. *Rice v. Walker*, 44 Iowa, 461. It was held, in *Merrill v. Marshall County*, 74 Iowa, 24, that where a fund of the kind in question had been paid into the county fund, and expended on

account of the ordinary indebtedness of the county, the county would be liable. It seems to us that the transfer made by the predecessor of defendant on the order of the board of supervisors was such an appropriation of the money in question as to release defendant from all liability to plaintiff on account of it. The liability of defendant, if he had made the transfer ordered by the board, is not in question. We conclude that the judgment of the district court is correct. It is therefore

AFFIRMED.