The Cedar Rapids, Iowa Falls and Northwestern Railway Company v. Cowan *et al.*

1. **Instructions**: NO EVIDENCE: IMMATERIAL QUESTION. The court properly refused in this case to allow the jury to pass on the question of agency, because there was no evidence tending to establish the alleged agency, and under the evidence the question was immaterial.

2. **County Treasurer**: FAILURE TO PAY RAILROAD TAX: LIABILITY. Where a county treasurer failed during his term of office to pay over on demand to a railroad company the taxes voted to the company, and which he had collected, and he did not turn over the money to his successor, and it was never passed to the credit of the county nor used for its benefit, neither his successor nor the county was liable therefor, but his failure was a breach of his official bond, for which he and his sureties were liable. (See opinion for citations.)

3. **Procedure**: JURY TRIAL: REMARK OF COURT AS TO EFFECT OF EVIDENCE. In sustaining an objection to an inquiry into matters contained in a stipulation in another case, and introduced in evidence in this, the court said in the presence of, but not to, the jury : "I shall hold that by that stipulation defendants acknowledged that there was twelve hundred dollars and interest due the said railroad company [plaintiff herein] that has not been paid." The charge of the court fairly submitted to the jury the question of indebtedness, and there was no real conflict in the evidence as to the fact that the amount named was due the plaintiff. *Held*— against the objection that the remark was in 'substance an instruction as to the effect of the evidence, and unduly affected the verdict—that under the circumstances it could have worked no prejudice to defendants. (Compare *Hall v. Carter*, 74 Iowa, 368.)

4. **County Treasurer**: BOND OF : WHO MAY SUE ON. The bond of a county treasurer was conditioned that he "shall promptly pay over to the person or officer entitled thereto all money which shall come into his hands by virtue of the said office, and shall promptly account for all balances of money remaining in his hands at the termination of his office." The county was the obligee in the bond. The treasurer collected taxes voted in aid of a railroad company, and neither paid them over to the company, when demanded, during his term of office, nor turned them over to his successor. *Held* that the company was the proper party to bring an action on the bond for his defalcation, under Code, section 2552. (*State v. Henderson*, 40 Iowa, 422, *distinguished*.)

*Appeal from Hardin District Court.* — Hon. J. H. Henderson, Judge.

Filed, May 18, 1889.

Action on the official bond of P. J. Cowan, to recover an amount of money collected by him as treasurer of Hardin county, and alleged to have been appropriated to his own use. There was a trial by jury, and a verdict and judgment for plaintiff. The defendants appeal.

*Geo. W. Ward,* for appellants.

*Albrook & Hardin* and *C. E. Albrook,* for appellee.

Robinson, J.—Defendant P. J. Cowan was treasurer of Hardin county for the term of two years, commencing in January, 1882. During his term of office he collected the money in controversy as treasurer. It was the proceeds of taxes voted to aid plaintiff in the construction of a railway, by virtue of chapter 123, Acts of Sixteenth General Assembly. Plaintiff, in December, 1883, drew a draft on Cowan as treasurer for the sum of twelve hundred dollars. It is shown that more than the amount of the draft had then been collected by Cowan for plaintiff, which had not been paid to it. The chief controversy in the case relates to the payment of the draft.

I.    Fred W. Race was in the employ of Cowan as his deputy during the years 1882 and 1883. On the twenty-fifth day of December, 1883, during the absence of Cowan, he received the draft in a letter from plaintiff, and took it to the treasurer's office, where he put it in a case in which such papers were usually kept. He did not pay the draft, nor did he take any money from the treasury for that purpose. He claims that he asked Cowan, when he returned, to pay the draft. Cowan claims that he first saw the draft a few days after he had surrendered the office to his successor, in January, 1884; that he found

*1. Instructions: no evidence: immaterial question.*

it among the paid vouchers of the preceding month; and that, supposing it had been paid, he gave himself credit of its amount on the treasurer's books. None of the evidence shows, or tends to show, that the draft was in fact ever paid, and that it was not paid is clearly established. Appellants complain of certain rulings of the court in refusing to permit the jury to pass upon the question whether or not the draft was received by Race as the agent of plaintiff. We think there was no error in these rulings. Cowan had requested plaintiff to draw on him for twelve hundred dollars, a short time before the draft was received. It is not shown that either plaintiff or Race regarded the latter as the agent of the former. It is not shown that it knew of the existence of Race. It is true the latter stated that the draft came in a letter which he opened, but it is not shown that the letter was addressed to him. In a motion to take the case from the jury, the defendants state that the evidence showed that the draft was sent to Cowan, and that he was thus constituted the agent of plaintiff. The evidence not only fails to show the alleged agency, but it shows that the question of agency was wholly immaterial, for the reason that the money in controversy was never paid by Cowan to any one for any purpose, nor was it received by Race.

II. It is insisted, on behalf of appellants, that plaintiff's only remedy is by *mandamus* against the treasurer of Hardin county. But he never received any of the money in controversy, and is not liable for it. *Minneapolis & St. L. Railway Co. v. Becket*, 75 Iowa, 183. It was never passed to the credit of Hardin county, nor used for its benefit. The county is not, therefore, liable for it. *Barnes v. Marshall County*, 56 Iowa, 22. It was made the official duty of Cowan to pay this money to plaintiff. Section 4, ch. 123, Acts 16th Gen. Assem. His failure to do so was a breach of his official bond, for which the defendants are liable.

2. COUNTY treasurer: failure to pay railroad tax: liability.

III. During the progress of the trial the plaintiff introduced in evidence a stipulation, which had been

**3. PROCEDURE:** jury trial: remark of court as to effect of evidence.

entered into between Hardin county and defendants in another action brought by Hardin county. A witness was afterwards interrogated as to matters contained in that stipulation. In sustaining an objection to the inquiry interposed by defendants, on the ground that the proposed evidence was not competent, the court said, in substance: "I shall hold that by that stipulation defendants acknowledged that there was twelve hundred dollars and interest due the said railroad company that has not been paid." Appellants complain of this remark for the alleged reason that it unduly influenced the verdict of the jury, and in effect instructed them as to what the evidence proved. It may be conceded that the stipulation did not acknowledge an indebtedness as stated by the court. But the remark was not addressed to the jury. There was no real conflict in the evidence as to the fact that the amount named was in fact due the plaintiff. The charge of the court to the jury fairly submitted the question of the indebtedness to their determination. We do not think that, under the facts of this case, any prejudice from the remark of the court of which complaint is made could have resulted to defendants. See *Hall v. Carter*, 74 Iowa, 368.

IV. Appellants insist that the bond on which this action is founded was not intended for the security of

**4. COUNTY treasurer: bond of: who may sue on.**

plaintiff; that plaintiff has not been injured by the alleged breach; and that defendants are responsible on the bond to Hardin county alone. The case of *State v. Henderson*, 40 Iowa, 242, is relied upon as supporting these claims. The plaintiff in that case sought to recover on the official bond of a county treasurer an amount of money due the state. This court did not determine that the state could not maintain an action on such a bond, but held that the bar of the statute of limitations could not be avoided by the bringing of the action in the name of the state. That decision rests in part upon the fact that the county is liable to the state for the full amount of taxes levied for state purposes, excepting such amounts as are

certified to be unavailable, double or erroneous assessments; and, in case the county treasurer prove to be a defaulter, the county is required to levy and collect such additional taxes as shall be required to pay the amount of the default in state revenue. Code, secs. 908, 909. There is no provision of that character in regard to taxes collected to aid in the construction of railways. They constitute a special fund, to be paid to the treasurer of the railway company, for whose benefit they were voted, and the county is not liable therefor. Section 4, ch. 123, Acts 16th Gen. Assem.; *DesMoines & M. Railway Co. v. Lowry*, 51 Iowa, 486; *Stone v. Woodbury County*, 51 Iowa, 522; *Butler v. Supervisors*, 46 Iowa, 326; *Barnes v. Marshall County*, 56 Iowa, 20. The bond of defendants was given to the county of Hardin, in the state of Iowa, and was conditioned that Cowan, as treasurer, "shall promptly pay over to the person or officer entitled thereto all money which shall come into his hands by virtue of the said office; and shall promptly account for all balances of money remaining in his hands at the termination of his said office." The money in controversy was collected by Cowan in his official capacity. He neither paid it to the treasurer of plaintiff nor to his own successor. It is clear that there has been a breach of the conditions of his bond. But the county is not liable for the money; hence cannot be required to collect it. Unless plaintiff can maintain this action, it is without remedy, although it it has a right which should be enforced. Section 2552 of the Code provides that "when a bond, * * * given to the state or county, * * * is intended for the security of the public generally, or of particular individuals, suit may be brought thereon in the name of any person intended to be thus secured who has sustained an injury in consequence of the breach thereof." In our opinion, that section gives ample authority for the maintenance of this action. We discover no grounds for reversing the judgment of the district court. It is therefore　　　　　　　　　　　　　　　　AFFIRMED.