# STATE, EX REL. WILES, TREASURER, *v.* SPINNEY, TREASURER.

[No. 20,693.    Filed March 7, 1906.]

1. APPEAL AND ERROR.—*Reply.*—*Demurrer.*—*Special Findings.*— *Conclusions of Law.*—*Same Questions.*—Where the special findings contain the facts as set out in a paragraph of answer, a decision on such findings determines the questions on such answer.    p. 284.

2. MANDAMUS.—*County Treasurer.*—*Payment of Taxes Collected for City.*—Mandamus lies to compel a county treasurer who has collected taxes on behalf of a city to pay same to the city treasurer.    p. 285.

3. COUNTIES. — *Orders.* — *Distribution of Taxes.* — *Liability.*—A county warrant issued by the county auditor on the county treasurer for the payment of a town's taxes collected by such treasurer is not a debt or liability of the county and is not payable from county funds.    p. 286.

4. SAME.—*Orders.*—*Liability.*—*Interest.*—*When Demandable.*—A county warrant for the payment to a town treasurer, of the taxes collected for such town by the county treasurer, can not

be protested so as to draw interest under §7998 Burns 1901, §5920 R. S. 1881, such section applying only to warrants payable out of county funds. p. 287.

5. MANDAMUS.—_County Treasurer._—_Town Taxes._—_Evidence._— Where the evidence, in an action by a town treasurer to mandate a county treasurer to turn over the town taxes collected by him, shows that such county treasurer received from his predecessor but a certain sum which had been paid to such town treasurer, and that he had collected nothing else for such town, a judgment for defendant is correct. p. 287.

From Newton Circuit Court; _Charles W. Hanley,_ Judge.

Action by the State of Indiana, on the relation of Lawrence A. Wiles, as treasurer of the Town of Goodland, against Charles W. Spinney, as county treasurer of Newton county. From a judgment for defendant, plaintiff appeals. _Affirmed._

_Charles E. Thompson_ and _George D. Parks,_ for appellant.

_E. B. Sellers_ and _William Darroch,_ for appellee.

MONKS, J.—This action was commenced to compel, by writ of mandamus, Frank M. Coovert, as treasurer of Newton county, to pay a balance claimed to be due on three several warrants issued by the auditor of said county in favor of the relator. Thereafter appellee, Charles W. Spinney, having succeeded to said office of county treasurer, was substituted as a defendant instead of said Coovert. Appellee filed a return in three paragraphs to the alternative writ. Appellant's demurrer to the first and second paragraphs of return was sustained to the first and overruled to the second. The court made a special finding of facts and stated conclusions of law thereon in favor of appellee, and over a motion for a new trial rendered judgment thereon against appellant. The assignment of errors calls in question each conclusion of law, and the action of the court in overruling appellant's demurrer to the second paragraph of appellee's return to the alternative writ and in overruling appellant's motion for a new trial.

As the exceptions to the conclusions of law present the same question as that presented by the action of the court in overruling appellant's demurrer to the second paragraph of the return, it is only necessary to determine as to the correctness of the conclusions of law, for such decision necessarily determines the sufficiency of said return. *Goodwine* v. *Cadwallader* (1902), 158 Ind. 202, 205; *Ross* v. *Van Natta* (1905), 164 Ind. 557, 558, and cases cited.

It appears from the special findings that in 1899 one Gilman was duly elected treasurer of the incorporated town of Goodland, in this State, and gave his bond as such treasurer, which was approved, and that he entered upon the discharge of his duties as such officer. He was reëlected to such office each year thereafter, including the year 1904, but gave no bond except the bond approved in 1899. He acted as such treasurer from the first election in 1899 until June 15, 1904, when he left said town, county and State. The corporation taxes of said town of Goodland were collected by the treasurer of Newton county, Indiana, for the year 1904 and years prior thereto. At the settlement between the auditor and treasurer of Newton county on May 22, 1904, it was determined and made known that Frank M. Coovert, treasurer of Newton county, had collected on the tax duplicate of 1903, up to and including the first Monday in May, 1904, of the taxes levied by the board of trustees of the town of Goodland, the sum of $3,484.54 and no more, all of which belonged to said town. On May 23, 1904, said Coovert, as treasurer of Newton county, Indiana, paid over to said Gilman, as treasurer of the town of Goodland, $3,000 of the amount belonging to said town, and took his receipt therefor as such town treasurer. On June 20, 1904, the board of trustees of the town of Goodland, assuming that the flight of said Gilman from said town on June 15, 1904, rendered him incapable of holding or exercising the duties of said office of town treasurer,

declared said office vacant and appointed Lawrence A. Wiles, the relator, treasurer of said town, who qualified and gave bond as such treasurer. After said date and before July 14, 1904, said Wiles procured from the auditor of Newton county three orders, amounting in all to $3,484.54, being the amount due the town of Goodland from Coovert as treasurer of said county on account of the taxes of said town collected by said county treasurer on the duplicate of 1903, as shown by the May settlement between the auditor and treasurer of said county. On July 14, 1904, said Wiles, as such town treasurer, demanded of Coovert, as such county treasurer, the payment of said warrants. Thereupon said county treasurer paid to said town treasurer the sum of $484.54 and took his receipt therefor, and refused to pay the balance of said order, amounting to $3,000, stating as a reason therefor that he had already paid that sum to Fred D. Gilman, as treasurer of said town, and that he did not owe said balance and had no other funds in his hands as county treasurer with which to pay the same. Said Coovert never paid to appellee, his successor in office as such treasurer, any funds of the town of Goodland, nor has said appellee, as such treasurer, ever received any money applicable to the payment of said sum of $3,000. The court stated as conclusions of law (1) that appellant was not entitled to recover, and (2) that appellee was entitled to recover his costs.

Section 1182 Burns 1901, §1168 R. S. 1881 and Horner 1901, provides: "Writs of mandate may be issued to any inferior tribunal, corporation, board, or person, to 2. compel the performance of an act which the law specially enjoins, or a duty resulting from an office, trust, or station." The writ of mandamus should not issue unless a clear legal right to have the thing sought by it done, and done in the manner and by the person sought to be coerced, is shown. *Wood v. State, ex rel.* (1900), 155 Ind. 1, 10, 11, and cases cited; 19 Am. and Eng. Ency.

Law (2d ed.), 725. Mandamus is an appropriate remedy to compel a county treasurer to pay over to a town treasurer public funds belonging to the town, to the custody of which said town treasurer is entitled. 3 High, Injunction (3d ed.), §367; 2 Spelling, Injunction (2d ed.), §1512; Merrill, Mandamus, §134. But it will not lie if such county treasurer has no such funds in his possession. 19 Am. and Eng. Ency. Law (2d ed.), 795, 796; *Board, etc., v. State, ex rel.* (1901), 156 Ind. 550, 554, 555; *County Commissioners, etc., v. City of Jacksonville* (1895), 36 Fla. 196, 18 South. 339, 29 L. R. A. 416; *People v. Reis* (1888), 76 Cal. 269, 274, 275, 18 Pac. 309; *Minneapolis, etc., R. Co. v. Becket* (1888), 75 Iowa 183, 184, 39 N. W. 260, and cases cited.

The warrants delivered by the auditor of Newton county to the relator as town treasurer, even if authorized by law and necessary to entitle the town treasurer to demand and receive the funds of the town from the county treasurer, a question we need not and do not decide, were not obligations of Newton county, nor did they represent a debt or liability of said county to said town, nor were they payable out of the funds belonging to said county, any more than the warrant of the county auditor mentioned in §8075 Burns 1901, §6000 R. S. 1881 and Horner 1901, is an obligation or debt of the county and payable out of its funds. It was said by this court in *Vigo Tp. v. Board, etc.* (1897), 111 Ind. 170, 177: "In drawing the warrants upon the county treasurer for the several funds in his hands apportioned and belonging to the several townships, the county auditor does not act as the agent of the county. In such act he is discharging a governmental function for the benefit of the township. The warrant creates no obligation against the county; it is simply the authority upon which the county treasurer pays over, and the township trustee receives, the funds belonging to his township. Section 7998 Burns 1901, §5920 R. S. 1881 and Horner 1901, requiring

county treasurers, when there are no funds to pay
4. an order, to indorse thereon "Not paid for want of
funds," thereby entitling the order to draw interest,
only applies to orders issued for debts of the county, and
not to warrants issued by the auditor showing the appor-
tionment of the funds collected by the county treasurer.
Nor is the county treasurer, in the collection of taxes for
townships and incorporated towns, the agent of the county;
nor can the county be held answerable for his delinquencies,
if any, in the absence of an express statute making it liable.
*Vigo Tp.* v. *Board, etc., supra; Wood* v. *State, ex rel.,
supra,* and cases cited.

It is clear that it was not the duty of appellee to pay said
$3,000 to the relator out of the funds of Newton county,
nor had he any right to pay the same out of such
5. funds. It is shown by the evidence, as well as the
special findings, that Coovert as county treasurer
never paid over to appellee, his successor, any funds of the
town of Goodland. It is evident, therefore, from the
special findings as well as from the evidence, that appellee,
Spinney, never received or had in his possession any money
as county treasurer which it was his duty to pay over to
the relator as town treasurer, or which he had any au-
thority to pay relator as such treasurer.

Whether the payment of the $3,000 by Coovert as county
treasurer to Gilman as town treasurer on May 23, 1904,
was a payment to said town of Goodland, and discharged
the liability of said Coovert as county treasurer to that ex-
tent, we need not and do not decide. It is sufficient to
decide, as we do, that as no funds ever came into the hands
of appellee, Spinney, as county treasurer which it was his
duty to pay over to the treasurer of said town, in payment
of said $3,000 or any part thereof, the conclusions of law
in appellee's favor were not erroneous.

Other questions are argued, but what we have said
renders their determination unnecessary.

Judgment affirmed.