## CITY OF SIOUX CITY v. WOODBURY COUNTY, Appellant.

**Mulct taxes:** COLLECTION CHARGES: LIABILITY OF COUNTY FOR SAME. Where a mulct liquor tax is paid to the county treasurer one half of the same belongs to the county and the remainder to the municipality in which the business is conducted. And the amount retained by the treasurer from that portion belonging to the city as a collection charge, of which the county has no benefit, can not be recovered from the county.

*Appeal from Woodbury District Court.*—HON. F. R. GAYNOR, Judge.

WEDNESDAY, OCTOBER 27, 1909.

SUIT to recover a part of the mulct liquor tax collected for the plaintiff's use by the defendant's treasurer. There was a judgment for the plaintiff, from which the defendant appeals.—*Reversed.*

*Strong & Whitney,* for appellant.

*Fred W. Sargent,* for appellee.

SHERWIN, J.—J. A. Magoun was treasurer of Woodbury County during the years 1902 and 1903, and as such treasurer received mulct taxes from various persons amounting to a large sum. One-half of the amount so received, less three-fourths of one percent thereof, which Magoun retained as a collection charge, was paid over to the city. This suit was brought to recover of Magoun and the county the amount so retained by Magoun. It was brought more than three years after Magoun went out of office, and for that reason his demurrer to the petition was sustained, and

by an amended and substituted petition the county alone was made defendant.

There is no dispute over the facts in the case. The mulct taxes were paid into the county treasury, and Magoun, in the belief that he had a right to do so, deducted from the amount thereof due the city the collection charge to which we have referred. Section 2445 of the Code, so far as the same is material here, is as follows: "The revenues derived from the tax provided for in this chapter shall be paid into the county treasury, one-half to go into the general county fund, and the remainder to be paid over to 'the municipality in which the business taxed is conducted. . . . In counties where a tax on the traffic in intoxicating liquors is paid into and belongs to the county treasury, and when there is a surplus in the general fund, the board of supervisors may transfer such surplus, not exceeding the amount of such liquor taxes, to the county road fund, and expend the same upon the roads of the county." The requirement that such taxes shall be paid into the county treasury is the basis of the appellee's claim that the entire amount thereof is due and payable to the county, and is not collected in the first instance for the municipality, and, further, that when such taxes are paid into the county treasury in the regular way, the county is bound to pay one-half thereof over to the municipality, and cannot escape liability for the wrongful act of its treasurer. The trouble with the appellee's position is that only one-half of such taxes ever becomes the property of the county. While the statute requires payment thereof into the county treasury, one-half of the sum so paid belongs to and is the property of the municipality in which the business taxed is conducted. The last clause of the section clearly negatives the right of the county to in any way control the fund belonging to the municipality, for it provides for the disposition of only such part of the tax as belongs to the county. In our judgment no distinc-

tion can be made between mulct taxes paid into the county treasury for the benefit of a municipality and taxes paid into said treasury for the benefit of the State, or for school districts or railroads. It is the duty of the treasurer to collect the mulct tax just as it is his duty to collect any other tax; and, if he fails to account for taxes so collected, he is liable for his delinquency, and not the county. *Cedar Rapids R. R. Co. v. Cowan,* 77 Iowa, 535; *Barnes v. County of Marshall,* 56 Iowa, 20; *Iowa R. R. Land Co. v. Woodbury County,* 64 Iowa, 212; *Yockey v. Woodbury County,* 130 Iowa, 412. The money deducted from the fund belonging to the city was kept by Magoun, and the county never received any benefit therefrom. The case is therefore within the rule of the cases cited, and the appellant is not liable therefor.

The judgment of the district court is *reversed.*