Argued July 9, decided July 15, 1913.

## HARADON *v.* COFFEY, County Clerk.

(133 Pac. 815.)

**County Clerk—Fees—Payment.**

Section 1114, L. O. L., requires the clerk of Multnomah County to collect in advance $10 on account of fees from parties instituting civil suits, to be held by him until earned or returned to the parties. Section 1125 allows an additional fee of $1 as a law library fee. Sections 3106 and 3107 require the clerk to collect specified fees in advance and keep account thereof and each month to pay to the county treasurer, out of the money in his hands, all fees earned, and on determination of the case to refund any balance to the parties. Section 3026 makes it his duty to keep all property belonging to his office and deliver it to the person entitled thereto. Defendant clerk, taking office January 5, 1913, received $38,888, being only about 71 per cent of the fees received by his predecessor, part of which had been deposited in a bank which had become insolvent, and thereafter plaintiff, who on commencement of his suit July 30, 1912, had deposited $11 as fees in advance, as required by the statute, tendered an order of the court to defendant, who refused to file it without payment of fees. *Held*, that, as defendant should be held not acountable for the money which never came into his hands as fees in actions pending before he took office, and without collecting fees when the papers were filed would become liable for the balance of fees not received by him, and as the sums collectible were small though vexatious, *mandamus* would not lie.

From Multnomah: Robert G. Morrow, Judge.

Department 1. Statement by Mr. Justice Moore.

This is a special proceeding by A. M. Haradon against John B. Coffey, as county clerk of Multnomah County, Oregon, to compel the performance of an act which it is asserted the law specially enjoins as a duty resulting from an office. The complaint charges in effect that on January 5, 1913, the defendant, John B. Coffey, became, ever since has been, and now is the duly elected, legally qualified and acting county clerk of Multnomah County; that as such officer he has custody of all papers in actions, suits and proceedings

instituted in the Circuit Court of the State of Oregon
for that county, and it is his duty to receive and file
all papers in such causes that are properly indorsed
and tendered to him for that purpose, for which the
prescribed fees have been paid; that on July 30, 1912,
A. M. Haradon, the plaintiff herein, commenced in
such court an action against the Queen Insurance Com-
pany of America, a corporation, and then deposited
with the county clerk of such county, as required by
law, the sum of $11 to defray the expenses of filing
papers, etc., in such cause; that plaintiff has complied
with all the requirements of law respecting the filing
of papers in that action, and there remains under the
control of the defendant $8.10 that has not been ap-
plied in payment of filing fees in such case; that on
April 8, 1913, plaintiff tendered a duly issued and
properly indorsed order of the court, relating to such
action, to the defendant whose duty it was to file the
same, but without any reason therefor he refused to
accept or file the written direction; that at the time of
such tender there was in his possession more than
sufficient funds to pay all filing fees; and that plain-
tiff has no plain, speedy or adequate remedy in the
ordinary course of law. The prayer is that a writ of
*mandamus* may be issued commanding the filing of
such paper.

An alternative writ having been issued, the return
thereto states, in substance, that on January 5, 1913,
when the defendant entered upon the discharge of the
duties of his office, the books thereof showed that his
immediate predecessor therein had received from par-
ties litigant $54,410.98, but that of that sum there was
delivered only $38,888.56 to the defendant, who imme-
diately deposited the same in a bank in Portland to his
credit to be held for the benefit of persons entitled
thereto; that such predecessor asserts that of the

66 Or.—6

money so received by him, on account of fees, he deposited \$15,522.43 in a bank which became insolvent, and that sum cannot be collected except by due course of settlement; that since the failure of that bank such predecessor had made to some of the parties litigant payments of the amount thereof or the persons receiving the same are unknown to the defendant, who for that reason, and until the ownership of the money so received by him is established, has declined to file any paper in causes pending prior to assuming his official duties, unless the fees are paid at the time; and that, by the provisions of the statute regulating the matter, the defendant is compelled to pay to the treasurer of Multnomah County on the fourth of each month the sum of ten cents for each paper filed during the preceding month, and by reason of such requirement it is impossible for him to comply therewith in respect to fees in pending actions, suits, or proceedings instituted prior to January 5, 1913, without collecting such fees when the paper is filed, unless he becomes personally liable for the failure of his predecessor to pay over all money that he received on account of fees.

A demurrer to the return, based on the ground that it did not state facts sufficient to constitute a defense, having been overruled, and the plaintiff declining further to plead, the writ was quashed and the proceeding dismissed, from which judgment he appeals.

AFFIRMED.

For appellant there was a brief, with oral arguments by *Mr. C. L. Whealdon* and *Mr. Ralph R. Duniway.*

For respondent there was a brief over the names of *Messrs. Bowerman & Fulton,* with an oral argument by *Mr. Jay Bowerman.*

MR. JUSTICE MOORE delivered the opinion of the court.

The county clerk of any county containing more than 50,000 inhabitants, which limitation applies to Multnomah County, is required to collect in advance from the party instituting any civil suit, action or proceeding the sum of $10 on account of fees. If before the termination of the cause the money thus paid has been earned by the county, a further deposit is demanded, which sums are to be held by the clerk until earned by the county or returned to the parties: § 1114, L. O. L. An additional sum of $1 must be collected in that county as law library fees: § 1125, L. O. L. A schedule of fees is prescribed, and the county clerk is required to collect in advance, for the benefit of the county, the sum so ordained for the performance of his official duties in the causes specified: § 3106, L. O. L. He is also commanded to enter in the register, under the date of performance, the charge for such service rendered, and also to note all sums of money paid or advanced on account of fees. On the fourth of each month he is required to ascertain from the register the amount earned by the county during the preceding month and immediately to pay to the county treasurer from the sum so deposited all fees that have been earned. When a case is dismissed or otherwise finally determined, the clerk must refund to the party, depositing any fees on account, the remainder of the money which he had advanced, after the payment of all fees charged against him: § 3107, L. O. L.

If the provisions of the statute referred to are strictly to be enforced in the case at bar, the defendant must inevitably pay to the county, as the fees are earned, or refund to the parties entitled thereto, $15,522.43, or so much thereof as may legally be de-

manded during his term of office. He is not in the least responsible for the loss of any of that money, and every principle of natural justice demands that he should not be required to repay any part of the fund that has been dissipated. The duty which the law specially enjoins upon him by virtue of his office, the performance of which will be compelled by writ of *mandamus,* is safely to keep and carefully to account for all moneys coming into his possession as county clerk. With respect to causes begun prior thereto, on account of which his predecessor in office received $54,410.95, the defendant can pay to the county or to the other parties entitled thereto only $38,888.52, or 71 per cent of the fees to be earned or of the remainder that should be returned. It is unnecessary for the court to command the payment of that ratio, for by the return to the writ the defendant practically offers to pay upon that basis, if he can be relieved from further obligation in the matter with respect to fees received by another during his incumbency in office. The defendant must comply with the requirements of the statute, regulating the collection and payment of fees in all civil suits, actions, and proceedings that have been commenced since January 5, 1913, when he took his office. It was the duty of the defendant's immediate predecessor to keep all property appertaining to his office and to pay and deliver the same to the person entitled thereto: § 3026, L. O. L. As the only person having a right to the possession of the money collected as fees and remaining on hand January 5, 1913, was the defendant, he was obliged to accept the sum delivered to him, but his receipt therefor did not obligate him to answer for the loss of any part of the $15,522.43 that was dissipated by the bank which failed.

Whether or not Multnomah County is, by reason of the undertaking given to the state by the defendant's predecessor, conditioned faithfully to pay over according to law all moneys that might have come into his hands by virtue of such office, which bond was undoubtedly approved by the county court of such county, made that municipality liable in the excess of 71 per cent to the parties entitled thereto to shares of the money lost, and for that reason must remit 29 per cent of the fees when earned, cannot now be determined, for the county is not a party to this proceeding.

The parties who have advanced fees in civil suits, actions or proceedings instituted prior to January 5, 1913, and are now compelled again to pay small sums before any papers in such cases will be received for filing, when they have prepaid such fees, are necessarily subjected to vexatious burdens, but it is better that the ultimate settlement of their just demands, not exceeding in any instance $10, should be deferred for a short time rather than unjustly to impose on the defendant a burden of $15,522.43, for the payment of no part of which is he legally or morally responsible.

No error was committed in overruling the demurrer, and the judgment is affirmed.        .        AFFIRMED.

MR. CHIEF JUSTICE McBRIDE and MR. JUSTICE BURNETT concur.

MR. JUSTICE RAMSEY dissents.