Demurrer to alternative writ argued December 5, 1916, and sustained
January 2, 1917.

## STATE ex Rel. *v.* MULTNOMAH COUNTY.

### (161 Pac. 959.)

**Counties—Liability—Acts of Officers.**

1. In the absence of statute, a county is ordinarily not liable for defaults of its officers.

**Counties—Statute Imposing Liabilities.**

2. Laws of 1915, Chapter 62, making a county liable for money lost by a former county clerk by failure of a bank in which he deposited a litigant's funds, should be strictly construed.

**Counties—Officers—Liabilities—Clerk.**

3. A county clerk is not liable for money which never came into his possession.

**Mandamus—Officers—Duties and Liabilities—Clerk.**

4. Under Laws of 1915, Chapter 62, directing that a county clerk be given credit for certain funds lost by his predecessor, and directing the clerk to return such funds to the parties entitled thereto, the clerk cannot comply with the latter requirement, without rendering himself liable, until the money collected is delivered to him, and, no express provision having been made therefor by said act, *mandamus* will not lie to compel the county commissioners to deliver the funds raised by taxation to the county clerk.

[As to *mandamus* to enforce duty imposed by permissive words in statute, see note in Ann. Cas. 1915A, 450.]

**Mandamus—Grounds—Freedom of Question from Doubt.**

5. *Mandamus* will not lie unless the ministerial duty imposed by law is free from doubt.

Original proceedings in Supreme Court.

Department 2. Statement by Mr. Chief Justice Moore.

This is a special proceeding to compel the performance of an act which it is alleged the law enjoins as a duty resulting from an office. An alternative writ of *mandamus*, issued from this court, substantially states that the relator, John B. Coffey, is the county clerk of Multnomah County, Oregon; that his predecessor in office, F. S. Fields, pursuant to the provisions of a

statute applicable to that county, collected in advance from parties litigant certain sums of money on account of fees, which when earned were paid over to the county treasurer, and the remainder was held in trust for the depositor, to be returned when his cause was finally determined, if the prescribed fees earned for the services performed did not exhaust the payment exacted (Section 1114, L. O. L.); that Fields deposited the money so received, and not earned by the county as fees, with the American Bank & Trust Company, which failed, and by reason thereof he was unable, when his term of office expired, to deliver to Coffey $15,522.43 which had been so left with the bank; that in order to meet the payment of such loss a tax was duly levied for that purpose by the County Court of Multnomah County, pursuant to the provisions of an enactment filed in the office of the Secretary of State February 10, 1915 (Gen. Laws Or. 1915, c. 62, p. 71), and the sum of money stated has been collected and is now in the county treasury; that on November ——, 1916, the relator demanded in writing of the defendants Rufus C. Holman, W. L. Lightner, and Philo Holbrook, as members of and constituting the board of county commissioners of that county, that an order be passed directing the issuance of a warrant on the general fund of that county payable to the relator as county clerk in the sum of $15,522.43, to make good such deficiency, and to transmit the command to the county auditor for final account, but the defendants then and now refuse to comply therewith, on the ground that no efficient means has been provided by law whereby such credit could be allowed. The defendants were required forthwith to assemble as the board of county commissioners and make the order so requested, or in default thereof to show, at a day

and hour specified, why they had not done so, and then and there to return the mandate.

A demurrer to the writ challenges its sufficiency on the ground that it does not state facts sufficient to authorize the relief demanded.

DEMURRER SUSTAINED.

*Mr. Walter H. Evans,* District Attorney, and *Mr. Arthur A. Murphy,* for the demurrer.

*Mr. Martin L. Pipes* and *Mr. John B. Cleland, contra.*

Opinion by MR. CHIEF JUSTICE MOORE.

The question to be considered is whether the statute referred to prescribes the means of disbursing to the persons entitled thereto the moneys so collected by taxation. Section 1 of the enactment substantially directs the County Court of Multnomah County, Oregon, to make good the loss of $15,522.43 "by giving the present county clerk, John B. Coffey, credit in his fee account to the amount of said deficiency": Laws Or. 1915, c. 62, p. 71. The other parts of the statute, so far as material herein, read:

"That the said John B. Coffey shall pay to litigants having funds as shown by the records of the said county clerk's office due them on account of said litigants' deposit fund, the full amount thereof as the same shall become due to them under the existing laws of the state, and shall also permit papers to be filed and charged against said several funds to the same extent as though he had received said money in full from the said F. S. Fields": Section 2.

"The auditor and treasurer of Multnomah County, Oregon, shall give the said John B. Coffey credit for the full amount of said deficiency, and shall charge against said amount the fees earned by said county clerk and charged against the credits on the records of

his office which stood to the credit of said litigants at the time the said F. S. Fields retired from office. As soon as said several items of litigation have been concluded and all of the litigants have been paid the balance due them under the laws of the state, the county clerk shall pay over to the county treasurer the balance of the fund received by him from the said F. S. Fields'': Section 3.

1. The rule is quite general that, in the absence of a statute imposing upon a county liability for the default of any of its officers in the performance of a duty enjoined by law, a private party who suffers injury by reason of a breach of such duty cannot maintain an action against the *quasi* corporation to recover the damages sustained: 11 Cyc. 498. Thus in *Vigo Tp.* v. *Knox County,* 111 Ind. 170 (12 N. E. 305), it was ruled that a county treasurer was not such an agent of the county as to render it liable for his misappropriation of public funds, in the absence of a statute creating the responsibility. To the same effect, see, also, *Cedar Rapids, I. F. & N. W. Ry. Co.* v. *Cowan,* 77 Iowa, 535 (42 N. W. 436) ; *State ex rel.* v. *Spinney,* 166 Ind. 282 (76 N. E. 971).

2. In the case at bar the statute by express terms makes Multnomah County, Oregon, which is a party hereto, liable for the money lost by F. S. Fields, its former county clerk, in consequence of the failure of the bank in which he deposited the litigants' funds. In referring to such enactments a text-writer observes:

''As counties are not suable except by statute, the mode pointed out by the statute must be strictly pursued'': 7 R. C. L. 966.

The enactment relied upon herein is therefore to be strictly construed.

3. It will be remembered that Section 1 of the statute under consideration commands the County Court of

Multnomah County, Oregon, to give the relator credit in his fee account for an amount of money equal to the deficiency mentioned. No part of that sum ever came into his possession, and for that reason he is not legally chargeable therewith or required to account therefor: *Haradon* v. *Coffey*, 66 Or. 80 (133 Pac. 815). To the same effect see *Cedar Rapids, I. F. & N. W. Ry. Co.* v. *Cowan*, 77 Iowa, 535 (42 N. W. 436), where, in discussing a right of action against a public officer, it is said:

"It is insisted, on behalf of appellants, that plaintiff's only remedy is by *mandamus* against the treasurer of Hardin County. But he never received any of the money in controversy, and is not liable for it"— citing in support of the language quoted the case of *Minneapolis & St. L. Railway Co.* v. *Becket*, 75 Iowa, 183 (39 N. W. 260).

The relator herein never having been charged with any of the money so lost it is difficult to understand why he should be given credit therefor. It was evidently the practice of his predecessor in office to deposit in a bank the litigants' fund when received and to issue checks to the proper officer for sums of money as they were earned by the county as fees for services performed by the county clerk, and also to issue checks to parties for any remainder in his possession due them when their causes were finally determined. A party to a suit or action who had advanced sums of money on account of fees was not obliged, every time it became necessary to file a paper, to pay the prescribed fee, since it was charged to his account as the service was performed, and he was not permitted wholly to exhaust the money required to be paid beforehand until his cause was ultimately adjudicated: Section 1114, L. O. L. By keeping the money thus collected in a bank subject to check the county clerk had

constant control of the litigants' fund and could disburse it as the law required. If the act of February 10, 1915, had directed the County Court of Multnomah County to cause the issuance of a warrant in favor of the relator for $15,522.43, or to deposit that amount in some reputable bank in Portland, Oregon, for his account, subject to check, he could have been legally charged with the money, and might then have disbursed it as provided by statute, receiving proper credit therefor on or before the fourth day of each month upon a report thereof: Section 3056, L. O. L.

4. The demurrer confesses that the deficiency in the litigants' fund has been made good by the County Court as an available asset by levying and collecting a tax for that purpose, and, this being so, no mandatory writ is necessary to compel a performance of that duty, which has already been discharged: *Jacksonville School Dist.* v. *Crowell,* 33 Or. 11 (52 Pac. 693).

5. It will be remembered that Section 2 of the act in question required John B. Coffey, as county clerk, to pay litigants having funds as shown by the records of his office the full amount thereof as the same shall become due, and also to permit papers to be filed and charged against the several funds to the same extent as though he had received the money in full from the former county clerk. The relator cannot comply with this requirement without rendering himself and his bondsmen liable, until the sum of money so collected has been placed at his disposal. No express provision therefor has been made by the enactment. *Mandamus* will not lie unless the ministerial duty enjoined by law is free from doubt: *Habersham* v. *Sears,* 11 Or. 431 (5 Pac. 208, 50 Am. Rep. 481) ; *Mackin* v. *Portland Gas Co.,* 38 Or. 120 (61 Pac. 134, 62 Pac. 20, 49 L. R. A.

596); *State ex rel.* **v.** *Malheur County Court,* 46 **Or.** 519 (81 Pac. 368).

The demurrer should be sustained, and it is so ordered.                                         DEMURRER SUSTAINED.

MR. JUSTICE BEAN, MR. JUSTICE HARRIS and MR. JUSTICE BENSON concur.