iAlternative writ made peremptory December 4, 1917.

## STATE EX REL. *v.* LEWIS.

(168 Pac. 932.)

**Counties—Warrants—Power to Issue—Statutory Provisions.**

1. Laws of 1917, Chapter 158, page 205, the title of which states that it is an act to require the county treasurer to pay over to the county clerk of a certain county an amount raised by taxation for a particular purpose, and which provides that the board of county commissioners of such county shall order the auditor to issue and deliver a warrant in favor of the county clerk for such amount, modifies Section 2959, L. O. L., requiring the county treasurer to pay out money on orders of the county clerk, and requires the county treasurer, in the particular instance to which it relates, to pay such sum on the warrant of the county auditor, as a special statute necessarily operates to circumscribe the effect of a prior general act.

   [As to what are general statutes, see note in 21 Am. St. Rep. 780.]

Original proceedings in Supreme Court.

The facts are set forth in the opinion of the court. Alternative writ made peremptory.

*Mr. H. K. Sargent,* for the plaintiff.

*Mr. John A. Collier, Mr. Walter H. Evans,* District Attorney, and *Mr. George Mowry,* Deputy District Attorney, for the defendant.

In Banc.    MR. JUSTICE MOORE delivered the opinion of the court.

1. This is an original proceeding, instituted in this court by the State of Oregon upon the relation of Joseph W. Beveridge, county clerk of Multnomah County, against John M. Lewis, county treasurer thereof, to compel him to pay a warrant drawn upon him by the auditor of that county. The defense interposed to the alternative writ of *mandamus* is, that no legal duty devolves upon the defendant to pay any part of the warrant so drawn. Chapter 158 of the General Laws of Oregon, 1917, reads:

"AN ACT to require the county treasurer of Multnomah County to pay over to the county clerk of Multnomah County $15,522.43, raised by taxation, to make good a deficit of a former county clerk, and declaring an emergency.

"BE IT ENACTED BY THE PEOPLE OF THE STATE OF OREGON:

"Sec. 1.    That the board of county commissioners of Multnomah County, Oregon, are directed and required forthwith to order the auditor of said county to issue and deliver a warrant in favor of the county clerk of Multnomah County for $15,522.43, which sum has been raised by taxation to make good the deficiency of a former county clerk.

"Sec. 2.    That the said county clerk shall pay to litigants, or their attorneys of record, having funds due them on account of said litigants' deposit fund, the full amount thereof, as the same shall become due them, or shall permit papers to be filed and charged against said several and respective funds, to the same extent as though he had received said money in full

from said former county clerk, or his successor in office.

"Sec. 3. Whereas said sum has long since been collected by taxation, pursuant to law, and the proper disbursement has been delayed by reason of incomplete legislative direction, and longer delay will threaten the public peace and safety, an emergency is declared to exist and this Act shall be of force and effect immediately upon its passage."

The facts showing how the specified sum of money was originally lost by depositing it in a bank that failed, and how that amount was undertaken to be restored to the parties entitled to it, are set forth in the cases of *Haradon* v. *Coffee,* 66 Or. 80 (133 Pac. 815), and *State ex rel.* v. *Multnomah County,* 82 Or. 428 (161 Pac. 959), and no detailed statement thereof will now be made.

The defendant desiring for his own protection a construction of the provisions of the enactment hereinbefore quoted before he disburses that sum, invokes a clause of Section 2959, L. O. L., which prescribing the duties of a county treasurer, reads:

"He shall pay all orders of the county clerk when presented, if there be money in the treasury for that purpose, and write on the face of such order the date of redemption and his signature,"

—and insists that he is required to pay only such warrants as are drawn upon him by the county clerk, and as the order herein referred to was issued by the county auditor, he is under no legal obligation to pay any part of it.

The clause of the statute last referred to announces the general rule for the government of the county treasurer in the payment of warrants drawn upon him. In *Hall* v. *Dunn,* 52 Or. 475, 488 (97 Pac. 811, 25 L. R. A. (N. S.) 193), it is said:

"Though a general statute will not impliedly repeal a special law previously enacted (*State* v. *Sturgess,* 10 Or. 58, 62), the rule is well settled that, if the special statute is the later enactment, it necessarily operates to circumscribe the effect of the prior general act from which it differs: 26 Am. & Eng. Ency. Law (2 ed.), 743; Lewis' Sutherland Statutory Construction (2 ed.), § 275."

The legal principle thus stated is controlling herein, and as Chapter 158, Gen. Laws Or. 1917, which is a special law, was enacted subsequent to Section 2959, L. O. L., the chapter referred to modifies, in this single instance, the earlier general law on the subject, thus requiring the defendant, as county treasurer of Multnomah County, to pay the sum of money so stated, and evidenced by the warrant of the county auditor, to the county clerk of that county, to be distributed by the latter to the parties found to be entitled thereto.

It follows that the alternative writ of *mandamus* is made peremptory, requiring the defendant forthwith to pay such sum of money to the relator herein.

ALTERNATIVE WRIT MADE PEREMPTORY.